[No. 5,713.]

# DOWD *v.* CLARKE.

VENDOR AND VENDEE — TENDER— SPECIFIC PERFORMANCE—INTEREST.—Under a lease from C. to D., the latter had the election to purchase the leased premises for the sum of $6,000, payable at any time during the term, with interest from the date of the lease at the rate of one per cent. a month— previous payments of rent to be credited on the interest—the interest fall- ing due after the election to be paid semi-annually on specified days, and if not paid when due, to be compounded at the rate of two per cent. a month, the lessee also to pay the taxes on the land imposed during the term. D., during the term, notified C. of his election to purchase, and tendered him the sum of $6,000, and also offered to pay the taxes, but did not tender or offer to pay the interest then due; C. declined the tender, and denied the right of D. to purchase. In an action by D. for a specific performance, the complaint containing an offer "to comply with all the terms and conditions of the contract:" *Held,* that the denial by the defendant of the plaintiff's right to purchase was a waiver of the necessity of a tender before the suit was brought, and that the plaintiff was entitled to a specific performance upon the terms of paying to the defendant—besides the taxes—the sum of $6,000, agreed upon, with interest from the date of the lease at the rate of one per cent. a month, after deducting the amounts paid for rent.

APPEAL from a judgment for the defendant, and an order denying a new trial, in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

A tender was made to the defendant by the plaintiff, of the principal sum due, but not of the interest. The other facts are stated in the opinion.

*D. M. Delmas,* for the Appellant.

Before the commencement of the action, the defendant noti- fied the plaintiff that he was not bound by the contract, and on that ground refused to comply with it. This dispensed with a tender or offer to perform. (*Holmes* v. *Holmes,* 12 Barb. 137.; S. C. 9 N. Y. 525; *North* v. *Pepper,* 21 Wend. 636; *Fanchot* v. *Leach,* 5 Cowen, 506; *Cornwell* v. *Haight,* 21 N. Y. 465; *Crary* v. *Smith,* 2 Id. 60; *Bellinger* v. *Kitts,* 6 Barb. 273.) The defendant, having declined the tender and refused to per- form, is not entitled to interest from the date of his refusal.

*Williams & Thornton,* for Respondent.

The tender of $6,000 Mr. Clarke was not bound to accept, because it fell short of the contract price. Until the whole of the purchase-money was paid or tendered, Dowd had no legal or equitable right to demand a conveyance, and Clarke was under no obligation to convey. (*Marshall* v. *Caldwell,* 41 Cal. 615.) To entitle a plaintiff to a decree, he must show himself " eager, prompt, ready, and desirous " to perform the whole contract on his part; and until he does so, the defendant is not in default. (*Hoen* v. *Simmons,* 1 Cal. 119; *Green* v. *Covillaud,* 10 Id. 317; *Weber* v. *Marshall,* 19 Id. 447: *Barron* v. *Frink,* 30 Id. 486; 3 Leading Cases in Eq. 83; Story's Eq. § 771; *Hill* v. *Grigsby,* 35 Cal. 656.)

To constitute a legal tender, having the effect to stop interest, not only must the full amount be duly offered, but the tender must be continuous, and kept good by bringing the money into court. (*Perre* v. *Castro,* 14 Cal. 530; *Himmelman* v. *Fitzpatrick,* 50 Id. 651; *Englander* v. *Rogers,* 41 Id. 135; *Hidden* v. *Jordan,* 39 Id. 63; *Curiac* v. *Abadie,* 25 Id. 504; *Slack* v. *Price,* 1 Bibb, 275; *Hamlet* v. *Talman,* 30 Ark. 511; *O'Riley* v. *Suver,* 70 Ill. 86; *Becker* v. *Brown,* 61 N. Y. 317; 2 Parsons on Cont. (151) n., (152.)

By the COURT:

As we construe the lease of March 27th, 1866, it provides: 1st. That the lessee may elect to purchase at any time during the term, in which event he shall pay to the lessor during the term, the sum of $6,000 in gold coin, with interest from the *date of the lease* at the rate of one per cent. per month, and any payments, which in the meantime shall have been made for rent, shall be credited on the interest; 2nd. That if the lessee elects to purchase, he shall also pay, in addition to the principal and interest, whatever sum shall, in the meantime, have been levied on the land and paid by the lessor for taxes from the date of the lease; 3rd. That from the time the lessee elects to pur-

chase, the interest shall *thenceforth* be paid on the first days of January and July in each year; and if not so paid, shall be compounded at the rate of two per cent. per month until paid; 4th. That if the lessor shall have incurred expenses by reason of the failure of the lessee to perform the covenants by him to be performed, the same shall be refunded by the lessee, with interest at the rate of two per cent. per month, compounded monthly.

There is no conflict in the evidence as to the fact that, before suit was brought, the plaintiff notified the defendant, during the term, that he elected to purchase under the provisions of the lease, and that the defendant refused the tender, and denied that the plaintiff was entitled to purchase under the lease. He ignored altogether the right of the plaintiff to purchase, and on well-settled principles this was a waiver of the necessity of a tender before bringing suit. But in his complaint the plaintiff avers that he is ready and willing, and offers to comply with all the terms and conditions of the agreement, and to pay any sums that may be due the defendant for the purchase of said premises under the contract. This, we think, is sufficient to entitle him to a specific performance of the agreement.

It is unnecessary to determine on this appeal whether the interest ceased from the time of the tender and the refusal of the defendant to recognize the plaintiff's right to purchase.

Judgment and order reversed, and cause remanded for a new trial.

By the Court, upon rehearing:

The opinion heretofore rendered will remain as the opinion of the court upon the points therein decided, the rehearing having been limited to the question reserved in the opinion—the question of interest.

The defendant is entitled, in our opinion, to interest upon the price to be paid for the land—$6,000—from the date of the lease, at the rate of one per cent. per month, the amount of the payments of rent to be deducted from the interest, (Fry on Spec. Perf. sec. 919) and also to interest at the legal rates, upon the

several sums that the defendant may have paid for taxes levied upon the land since the date of the lease.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.