63   223
96   221
63   223
147  312

[Department One.—March 2, 1883.]

JOSEPH BARSOLOU, RESPONDENT, v. R. H. NEWTON
ET AL., R. H. NEWTON, APPELLANT.

SPECIFIC PERFORMANCE—DELAY IN THE PAYMENT OF THE PURCHASE MONEY—LACHES.—In an action against the vendors to enforce specific performance of a contract for the sale and conveyance of real estate, where a considerable delay had occurred in the payment of a portion of the purchase money, it was claimed that the vendee had been guilty of such *laches* as rendered it inequitable to enforce the contract. On a review of the facts, *held*, that the charge of *laches* was unfounded, it appearing that the vendee had taken possession with the consent of the vendors, and made valuable improvements upon the land, and that the vendors assented to the delay in the first instance, and subsequently acquiesced therein without giving notice that payment was required.

ID.—PLEADING—TENDER.—The complaint did not allege a formal tender, but there was an allegation of part payment and an offer to pay the balance. *Held*, to be sufficient under the circumstances of the case.

ID.—SUBSEQUENT PAROL AGREEMENT—FINDING—EVIDENCE.—An answer was filed by one of the defendants, in which it was alleged among other things that after the making of the contract, the vendee became indebted to him in a certain amount for lumber and materials used in the construction of the improvements upon the land, and thereupon entered into a parol agreement with the vendors, whereby it was stipulated that he should not be entitled to a conveyance so long as this amount remained unpaid. The court below found that there was no such agreement, and this finding was objected to as being contrary to the evidence. *Held*, that the answer stated a valid agreement, but that the finding was justified by the evidence.

ID.—JUDGMENT—ERROR IN COMPUTING INTEREST.—An objection to the form of the judgment overruled on the authority of *Keller* v. *Lewis*, 53 Cal. 118, but an objection to the computation of interest upon the unpaid balance of the purchase money was sustained.

APPEAL from a judgment of the Superior Court of the county of Yolo, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

*W. B. Treadwell*, for Appellant.

*C. P. Sprague*, and *P. H. Sibley*, for Respondent.

McKEE, J.—This was an action to enforce specific performance of a contract made by the defendants jointly, for the sale

and conveyance of a lot of land in the town of Woodland to Andrew Weaver, the grantor and assignor of the plaintiff. Schardin, one of the defendants, admitted all the allegations of the complaint, and averred his readiness to perform the contract; but his co-defendant Newton denied the allegations, and averred that the plaintiff was not entitled to performance of the contract, because, by a subsequent parol agreement between Weaver and the defendants, Weaver was not to receive a deed under the contract until he paid for certain lumber and materials, which were furnished to him for constructing improvements upon the land which he had purchased.

It appears from the record that the defendants sold the land to Weaver on the 8th of October, 1877, for six hundred and twenty-five dollars, and executed and delivered to him their agreement in writing for a good and sufficient deed, upon payment of the purchase money, on or before October 8, 1879, with interest at the rate of one per cent per month, payable every three months; and to secure payment of that sum Weaver gave them his promissory note, payable on or before the 8th of October, 1879.

Upon the completion of the contract Weaver, by the consent of the defendants, entered upon the land, made valuable improvements upon it, and, in part performance of his contract, paid defendants between the 21st of January, 1878, and the 13th of October, 1880, the sum of five hundred and twenty-eight dollars and fifty cents. Upon receiving the payment of October 13, 1880, the defendants apportioned the amount between themselves, Schardin received his portion as the complement of his share of the purchase money, and Newton consented that Weaver should have his own time to pay the remainder, if he paid promptly the interest as it became due. On September 17, 1881, Weaver paid Newton one hundred dollars, which the latter received and indorsed upon the note. Every year, also, Weaver paid the taxes which were levied upon the land, except the taxes for the last year, which were voluntarily paid for him by Newton.

Soon after the last payment the improvements which had been built upon the land were destroyed by fire. Weaver then offered the land for sale, and on November 11, 1881, he pre-

sented to the defendants the form of a deed of conveyance of the land, which he requested them to execute and acknowledge, offering at the same time to pay the balance due upon the purchase money, including principal and interest. Schardin was ready and willing to execute the deed, but Newton unqualifiedly refused to accept the money or to execute the deed. Next day Weaver sold and conveyed the land to the plaintiff, and assigned to him the "agreement for a deed." The conveyance and assignment the plaintiff had recorded, and on the 14th of November, 1881, he exhibited them, as recorded, to the defendants, and presented to them a conveyance, in form, of the land, which he requested them to execute and acknowledge, offering to pay all the money due and unpaid, according to the terms of the contract between them and his grantor and assignor. Schardin executed and acknowledged the conveyance, but Newton refused to execute it, or to recognize the plaintiff as having any rights at all in the premises. Both offers were made in good faith. Each of the parties making them had, at the time of making them, the ability, and were ready to pay the money.

The contract itself was complete and certain, and fair in its terms; it was also mutual in its remedies, and such a one as a court of equity will enforce. By its terms time for the payment of the purchase money was specified; but although the purchaser failed to pay at the time specified, time was not of the essence of the contract, for the delay in making payment was excusable; the vendors consented to it and acquiesced in it, and never at any time withdrew their consent by giving notice to the purchaser that they required performance within a specified time. Laches was therefore not attributable to the purchaser in making his payments under the contract. (When time is not of the essence of a contract for the conveyance of real estate, and has not been made so by notice, then the mere fact that the purchaser, with the knowledge and consent of his vendors, enters upon and occupies the land under his contract, and makes valuable improvements thereon, is ordinarily decisive to entitle him to the favorable interposition of a court of equity. (*Barnard* v. *Lee*, 97 Mass. 95; *Gibson* v. *Patterson*, 4 Ves. 90; *Waters* v. *Travis*, 9 Johns. 457; *Edgerton* v. *Peckham*, 11 Paige, 352.) And when in addition to the circumstances of entry on the land,

and the erection of valuable improvements upon it, there has been payment of the greater portion of the purchase money and readiness to pay the remainder, a purchaser will be entitled to relief if he has not been guilty of laches in applying for it, or unless there be some circumstances in his case which would render it inequitable to grant relief. )

The complaint contains no allegation of a formal tender; but such a tender is not required in every case. (*Dowd* v. *Clarke*, 54 Cal. 48.) Part performance and readiness to perform the remainder was, under the circumstances of the case, sufficient for the maintenance of the action. (*Brix* v. *Otto*, 10 Ill. 70; *Buffalo Catholic Inst.* v. *Bitter*, 87 N. Y. 250.) The plaintiff was therefore entitled to a specific performance upon payment of the remainder of the purchase money, unless Newton had the right to refuse performance until the purchaser fulfilled the agreement averred to have been made between him and the defendants, after the contract for the conveyance of the land.

In *Hewlett* v. *Miller, ante,* we held that it was competent for a defendant in an action for specific performance to show that by a subsequent parol agreement he was to retain the title until other money than that named in the original contract should be paid; and he could properly refuse to convey until such subsequent contract was performed. That decision rests upon the principle that he who seeks equity must do equity. In the case in hand, however, one of the contracting parties defendant admits there was no such contract between the purchaser and the vendors. The other alleges there was, but the court below finds "that the written agreement or bond set out in the complaint and the promissory note for the sum of six hundred and twenty-five dollars constituted the entire agreement at the time of the making of said note and bond, and that it was never at any time agreed between the parties that said Weaver should not be entitled to the conveyance referred to in the said bond until he should make payment to the defendant Newton for lumber and material furnished said Weaver by said Newton, nor by any other party. And it is not true that no building was erected on said premises except with lumber furnished by defendant Newton."

Exception was taken to this finding on the ground that it was not sustained by the evidence.

The only evidence upon the subject was the testimony of Newton and Weaver. The testimony of the one tended to prove that the lumber was furnished upon such an agreement as he set up in his answer; that of the other, that there was no such agreement. In the entire case there are no circumstances from which an inference can be drawn that the lumber and materials were furnished upon such an agreement. On the contrary, all the circumstances tend the other way; and in the testimony of the only two witnesses upon the subject there was, at least, a sufficient conflict to sustain the finding of the court. The result of all the decisions is that this court will not disturb the order granting or refusing a new trial where there was a substantial conflict of evidence. There was, therefore, no error in denying the defendant's motion for a new trial.

The decree entered in the case was in form such as has been approved by this court in *Keller* v. *Lewis*, 53 Cal. 118. But there is a slight discrepancy in the computation and compounding of the interest. Correctly compounded and computed the remainder of the principal and interest due on the 14th of November, 1881, when the plaintiff's offer of performance was made and refused, amounted to two hundred and sixty-seven dollars and forty-one cents. The decree should be amended so as to require payment of that amount to the defendants; and as modified the judgment and order are affirmed.

Ross, J., and McKinstry, J., concurred.