[No. 14826.    Department One. — September 20, 1892.]

SAMUEL H. SHEPLAR, APPELLANT, v. W. C. GREEN
ET AL., RESPONDENTS.

VENDOR AND PURCHASER — CONTRACT FOR PAYMENT UPON DELIVERY OF
DEED — ACTION BY VENDOR TO QUIET TITLE — OFFER TO CONVEY — RE-
PUDIATION OF CONTRACT — CROSS-COMPLAINT — SPECIFIC PERFORMANCE
— TENDER. — Where the owner of land entered into a contract with an
intending purchaser for its sale, by the terms of which part of the pur-
chase-money was to be and was paid down by the vendee, and the balance
was to be paid, upon approval of the title, " on delivery of the deed,"
and the vendee entered into possession and made improvements, the com-
mencement of an action to quiet title, by the vendor against the vendee,
without an offer to convey, is a repudiation of the contract, and entitles
the vendee to the right to file a cross-complaint for specific performance
of the contract without a previous tender of the balance of the purchase-
money.

ID. — WITHDRAWAL OF MONEY DEPOSITED BY PURCHASER — DEMAND OF
VENDOR — RELEASE — TENDER UPON TRIAL. — In such case, the with-
drawal by the vendee of a sum of money deposited in the hands of a
third party to cover the balance of the purchase-money, which was "to
be paid on delivery of deed," if a violation of the contract of purchase, was
not such as to release the vendor from performing or offering to perform
on his part, nor such as to prevent the vendee from obtaining specific
performance of the contract, notwithstanding a demand upon the de-
·pository for the whole sum deposited, unaccompanied by an offer to con-
vey, where it appears that the vendee was ready at all times to complete
the purchase, and upon the trial tendered the balance due on the con-
tract, which was much less than the sum deposited, and upon a refusal
by the vendor to accept it, deposited it with the clerk of the court for
the vendor.

ID. — SPECIFIC PERFORMANCE — INEXACT COMPLIANCE WITH CONTRACT —
COSTS. — Where any lack of exact compliance with the contract on the
part of the purchaser can be sufficiently compensated by allowing costs to
the vendor, while a refusal to allow a specific performance would cause
irreparable loss to the purchaser, a specific performance may properly
be decreed in favor of the purchaser upon payment of costs.

APPEAL from a judgment of the Superior Court of El
Dorado County.

The facts are stated in the opinion.

*George E. Williams*, for Appellant.

A tender of the balance of the purchase-money was
necessary before the filing of the cross-complaint.
(*Goodale* v. *West*, 5 Cal. 339; *Englander* v. *Rogers*, 41 Cal.

422; Pomeroy on Specific Performance, sec. 363.) The withdrawal of the money from the depositary was a violation of the contract. (*Hill* v. *Grigsby*, 35 Cal. 662; *Grey* v. *Tubbs*, 43 Cal. 359.) The abandonment of the contract by Green gave Sheplar the right to assent to the abandonment and treat the contract as dissolved. (*Graves* v. *White*, 87 N. Y. 465; *Hicks* v. *Lovell*, 64 Cal. 21; 49 Am. Rep. 679.)

*Blanchard & Swisler*, for Respondents.

Plaintiff was not entitled to the money without a tender of the deed, for delivery of the deed and payment were dependent and concurrent acts, and plaintiff could only become entitled to the money by offering to perform on his part. (*Hill* v. *Grigsby*, 35 Cal. 656; *Bohall* v. *Diller*, 41 Cal. 535; *Barron* v. *Frink*, 30 Cal. 488.)

HAYNES, C. — Appeal from a judgment in favor of respondents Green and Robinson, upon the judgment roll.

The action was brought against respondents and one J. W. Rupley, to quiet title to eighty acres of mineral land. Each defendant answered separately, and each filed a cross-complaint for specific performance; Rupley to a part thereof containing about twenty acres, under a contract made and recorded in 1871, and the other defendants under a contract of purchase made by defendant Green with the plaintiff July 3, 1890, for the whole of said eighty acres. Robinson's claim was under this contract, in which he was interested with Green.

Judgment went in favor of Rupley for the part claimed by him, and described as lying " below the toll-road," being twenty acres, and in favor of defendants Green and Robinson, upon their cross-complaint, awarding specific performance of the Green contract, for the remaining sixty acres. There was no appeal from the judgment in favor of Rupley.

The contract price of the land was two thousand five hundred dollars, of which Green paid plaintiff one thou-

sand dollars, and deposited the remaining fifteen hundred dollars in the hands of one Mahoney, the deposit, by the terms of the contract, to remain in his hands "until approval of title" by an attorney named in the contract, whose decision as to title should be final. Five days were allowed for examination of title after receipt of the abstract, and the balance of the purchase-money "to be paid on delivery of deed." The contract further provided that the purchaser was to get full eighty acres of "bed rock," but if there should be less, the price was to be correspondingly reduced.

At the date of the contract the quantity of land embraced in the Rupley contract was not known. Plaintiff took no steps to ascertain the quantity, nor did he furnish an abstract, as to which matters the contract was silent. In the latter part of July, 1890, defendant Robinson had the Rupley tract surveyed, and also procured an abstract of title, on which the Rupley contract appeared.

Soon thereafter, and before August 8th, the attorney informed plaintiff that there were twenty acres in the Rupley lot, and that he had good title to the remaining sixty acres.

Immediately after entering into the contract, defendants went into possession of the land, and made valuable improvements thereon, and also upon adjoining land, with a view to the development of the land in question.

On August 8th, defendants withdrew the deposit of fifteen hundred dollars. Plaintiff never tendered a deed nor offered to convey, nor did defendants tender the remainder of the purchase-money or demand a conveyance. The court further found that defendants were at all times able, ready, and willing to complete the purchase, and that upon the trial they tendered to plaintiff $875, which plaintiff declined, and which defendants afterwards, and before the close of the trial, deposited with the clerk for the plaintiff, and which sum the court found was the balance due on the contract.

On these facts appellant raises two questions: 1. "Was

a tender of the balance of the purchase-money by the defendants necessary before filing their cross-complaint ?"
2. "Was the withdrawal of the money by Green from the depositary a violation of the contract?"

1. The covenants of the parties were mutual and dependent. Plaintiff never having offered to convey, the defendants were not in default when plaintiff commenced his action to quiet title, which in itself was a repudiation of the contract. A tender of the remainder of the purchase-money, under such circumstances, would have been a vain thing, which the law does not require.

Counsel contends that the settled law in this state requires a plaintiff to tender performance before bringing suit, and that when a defendant files a cross-complaint he becomes an actor or plaintiff, and must therefore tender performance on his part. The rule is not universal as to either party. In *Dowd* v. *Clarke*, 54 Cal. 50, the vendee sought specific performance. The court said: "He [the defendant] ignored altogether the right of the plaintiff to purchase, and on well-settled principles this was a waiver of the necessity of a tender before bringing suit." (See also *Barsolou* v. *Newton*, 63 Cal. 226; and Pomeroy on Specific Performance, sec. 361.) These authorities do not in the least conflict with the cases cited by appellant's counsel, none of which presented facts bringing them within the exception above stated.

2. The withdrawal of the deposit on the 8th of August, 1890, if a violation of the contract, was not such as to release the plaintiff from performing or offering to perform on his part, nor such as to prevent the defendants from obtaining specific performance against the plaintiff under the facts found by the court.

The plaintiff had received more than half of the purchase-money, and put defendants in possession, and permitted them to make valuable improvements on the land, yet had taken no steps to complete the contract. He was informed, prior to the withdrawal of the money, of the quantity of land claimed by Rupley, and which would

largely diminish the amount required to complete the purchase, so that but little over one half the sum deposited was required for that purpose. It may be questioned, under these circumstances, viewed in the light of the wording of the contract, whether the withdrawal was a violation of its terms; but conceding that it was, the plaintiff was not injured. It is true, he called upon the attorney who became the depositary by consent of the parties for the money, four days before the commencement of the action; but if that could be considered a demand, it was for the whole sum deposited, and not for the less sum actually due, nor was it accompanied by a tender of a deed or offer to convey. He was therefore not entitled to the money from the depositary, if it had then been in his hands, and the circumstances did not indicate that he had any intention of performing the contract on his part.

Any lack of exact compliance with the terms of the contract on the part of defendants was sufficiently compensated by allowing costs to the plaintiff, while a refusal to grant defendants their prayer for specific performance against the plaintiff would have caused them irreparable loss.

I advise that the judgment be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

PATERSON, J., GAROUTTE, J., McFARLAND, J.