[No. 19362.   Department Two.—July 16, 1894.]

## S. M. SMITH, RESPONDENT, *v.* R. P. WAITE, APPELLANT.

ACTION UPON NOTE—PLEADING—EXECUTION—DELIVERY.—A complaint averring that the defendant duly made a certain promissory note in writing, which is set out *in hæc verba,* showing that it was payable to the order of the plaintiff, and alleging that plaintiff is the owner and holder of the note, and that no part thereof has been paid, is sufficient as against a general demurrer, and is not defective in not specifically averring that the note was delivered by the defendant to the plaintiff, or that the defendant made it to the plaintiff.

ID.—MAKING IMPLIES DELIVERY.—It is not necessary to aver the delivery of a bill or note, and an averment that the bill was drawn or the note made includes the idea of a delivery, without which the drawing or making is not complete.

ASSUMPSIT FOR SERVICES—PLEADING—COMMON COUNT—DEMURRER.—A count in a complaint alleging that the defendant is indebted to the plaintiff in a certain sum of money on account of work, labor, and services performed at the request of the defendant, and that the defendant has not paid the same, nor any part thereof, is not subject to the objection upon general demurrer that it is not stated by whom the work was performed, whether by the plaintiff or some other person.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*H. H. Appel,* for Appellant.

*William A. Ryan,* and *Robert J. Adcock,* for Respondent.

The allegation that defendant " duly made " the note implies a delivery, and is sufficient. (1 Daniel on Negotiable Instruments, sec. 63; *Churchill* v. *Gardner,* 7 Term Rep. 596; *Binney* v. *Plumley,* 5 Vt. 500; 26 Am. Dec. 313; *Chester etc. Co.* v. *Lickiss,* 72 Ill. 521; 1 Estee's Pleadings, secs. 1100, 1105; *Russell* v. *Whipple,* 2 Cow. 536; *Keteltas* v. *Myers,* 19 N. Y. 231; *Peets* v. *Bratt,* 6 Barb. 662; *Prindle* v. *Caruthers,* 15 N. Y. 426; *Smith* v. *McClure,* 5 East, 477; *La Fayette Ins. Co.* v. *Rogers,* 30 Barb. 492.)

BELCHER, C.—This is an appeal by the defendant from a judgment entered against him by default, after a general demurrer to the complaint had been overruled; and the only question is, did the complaint state facts sufficient to constitute a cause of action?

The complaint contained two counts, one upon a promissory note, and the other for work, labor, and services performed for defendant. In the first count it is alleged that on a certain day "the defendant duly made a certain promissory note in writing, bearing date on that day, which said promissory note was in words and figures following." A copy of the note is then set out *in hæc verba*, showing that it was payable to the order of the plaintiff. It is further alleged that plaintiff is now the owner and holder of said note, and that no part thereof has been paid. In the second count it is alleged that the defendant is indebted to the plaintiff in a certain sum of money "on account of work, labor, and services . . . . performed at the request of the defendant," and that the defendant has not paid the same nor any part thereof.

The objections are: 1. That there is no averment that the note was ever delivered by the defendant to the plaintiff, or that the defendant *made it to* the plaintiff; and 2. That it is not stated by whom the work was performed, whether by plaintiff or some other person. And it is said: "If it was performed by another person, then there should be an allegation of the assignment of the account."

The demurrer was properly overruled. Each count in the complaint sufficiently stated a cause of action when tested only by a general demurrer.

The averment that the defendant "duly made" the promissory note implies a delivery. "It is not necessary to aver the delivery of a bill or note, for the averment that a bill was drawn or note made includes the idea of a delivery, without which the drawing or making is not complete." (1 Daniel on Negotiable Instruments, sec. 63. And see *Churchill* v. *Gardner*, 7 Term

Rep. 596; *Russell* v. *Whipple*, 2 Cow. 535; *Prindle* v. *Caruthers*, 15 N. Y. 425; *Hook* v. *White*, 36 Cal. 299.)

The judgment should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

McFARLAND, J., FITZGERALD, J., GAROUTTE, J.