## STANTON v. SINGLETON et al.

### L. A. No. 406; September 23, 1898.

#### 54 Pac. 587.

**Mining Contract—Parties and Signing.**—Where a Contract Granting an option to purchase a mine was signed by two of three co-owners, and an action to enforce it was brought against the signers, the burden was on them to show, as claimed, that the contract was not to be operative unless signed also by the other owner, who was named therein.

**Mining Contract—Delivery.**—An Allegation That Defendants "made and entered into" the agreement sufficiently imports delivery as against a general demurrer, in an action for specific performance.

**Mining Contract—Mutuality.**—A Contract Whereby Plaintiff was Given an option to purchase an interest in a mine for a certain price on performing certain conditions is not void for want of mutuality, so that it cannot be specifically enforced, where plaintiff notified the other parties thereto of his election to perform his part thereof.[1]

---

[1] Cited in Hoogendorn v. Daniel, 178 Fed. 768, 102 C. C. A. 213, with other authorities, to support the proposition that, the terms of an option having been once accepted by the holder of it, the parties are bound mutually, and either may exact specific performance of the other.

**9**

Specific Performance—Tender.—Under Civil Code, section 1440, allowing a party to an obligation which the other party repudiates before a default has occurred to enforce the obligation without performing or offering to perform the conditions in favor of the other, the refusal to allow a party to an option contract to perform the conditions of it, together with a repudiation of the contract prior to the expiration of the option, releases the holder of the option from tendering the price to be paid under it prior to suing for specific performance.

Specific Performance—Parties.—A Mine Owner Who Did not Sign an option contract executed by his two co-owners is not a necessary party to an action to enforce the contract, where there is nothing to show that he is not willing to carry out the agreement, and no relief is sought against him.

APPEAL from Superior Court, Kern County; Walter Van Dyke, Judge.

Action by O. B. Stanton against John Singleton and others. From a judgment sustaining a demurrer to the complaint plaintiff appeals. Reversed.

Rothchild & Ach, J. W. Ahern, J. A. Haralson, and Lloyd & Wood for appellant; Reddy, Campbell & Metson for respondents.

HARRISON, J.—The plaintiff seeks by this action to compel a performance by the defendants of the following contract, which he alleges was made and entered into between him and them on the twenty-second day of June, 1895:

"Agreement made and entered into this 22nd day of June, 1895, between John Singleton, F. M. Mooers, and C. A. Burcham, of Kern county, state of California, parties of the first part, and O. B. Stanton, of Bakersfield, state of California, party of the second part: Whereas, the parties of the first part are owners by location of a certain mineral tract located in the Summit mining district, Kern county, California, and designated and described as follows [giving description], and, being desirous of obtaining capital to work the same, hereby agree with party of the second part that, for and in consideration of one dollar, in hand to them paid, the receipt of which is hereby acknowledged, agree to give party of the second part thirty days' option of a one-half interest of the above enumerated claims, now owned by them, in con-

sideration of the party of the second part agreeing to spend— First, ten thousand ($10,000) dollars in opening and developing said property; second, in erecting a ten-stamp quartz-mill, modern in every particular, the stamps to weigh not less than seven hundred pounds, or the equivalent, as may be found the most desirous to work the ores. . . . . The parties of the first part hereby agree that the party of the second part shall have the privilege any time within six months from the date of this instrument to purchase the aforesaid property for the sum of five hundred thousand ($500,000) dollars. The essence of this contract being time, it is mutually agreed that, should the party of the second part not commence active operations within thirty days, this contract shall be null and void. The party of the second part hereby agrees that, if he should fail to fully carry out this contract, all moneys paid or expended by him shall be forfeited, and the full properties returned to the parties of the first part.''

This contract was signed by the defendants Singleton and Mooers, and by the plaintiff. It is alleged in the complaint that at the time of its execution the defendants represented to him that they were the owners of an undivided two-thirds interest in said mining claims, and that C. A. Burcham was the owner of the other undivided third interest, and that they had authority from Burcham to act for him in selling said claims, or to make any other contract for working and developing them. The plaintiff also alleges that immediately after the execution of the contract he notified the defendants that he elected to perform his part of said contract, and to thereby acquire the undivided half interest in said mining claims, and that the defendants placed him in possession of said mining claims for the purpose of performing his part of the contract, and that, under the belief that they had the right to act for Burcham, he proceeded to work and develop them, as required under the conditions of the contract, and for that purpose expended about $2,000 as a part performance of his portion of said contract; that on the ninth day of July, 1895, the defendants notified him that they would not be bound by the terms of the contract, and repudiated the same, and refused to permit him to continue the performance of labor on said property, or the expenditure of any more money thereon, and refused to permit him or his employees to enter upon said claims, or either of them, for the

purpose of performing his contract, and refused, and still refuse, to execute to him a deed of the one-half interest in said property. It is further alleged that the consideration expressed in the contract for the acquirement of said one-half interest is adequate and reasonable, and that on the day of the execution of said contract, and ever since, the plaintiff has been, and is now, ready, able and willing to perform all of the conditions on his part to be performed for the acquirement of said one-half interest. He therefore asks judgment that he be let into possession of said premises for the purpose of performing the labor and otherwise carrying out the provisions of said contract to be performed by him, and for general relief. The defendants demurred to this complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and also on the ground that Burcham should have been made a party defendant, and, their demurrer having been sustained, judgment was rendered dismissing the complaint, from which the plaintiff has appealed.

The point chiefly urged in support of the demurrer is that inasmuch as Burcham is named in the contract as a party thereto, and as one of the owners of the mining claims, and as he did not join in its execution, the contract is incomplete, and cannot be enforced against those who did sign it. Whether it was the intention of the parties who signed the contract that it should not be operative until it should be also signed by Burcham is a matter extraneous to the written instrument, and is to be shown by evidence outside of the instrument itself. Upon the face of the instrument, the contract on the part of the defendants is complete, and the burden is upon them to show that they were not to be bound by their execution of it until it was also executed by Burcham. There is nothing on its face to prevent it from being operative upon them without his signature, and it is consistent with its language to assume that such was their intention. Prima facie they are bound by its terms, and, if they would be relieved from this apparent obligation by reason of any facts or circumstances extrinsic to the instrument, they must allege such defense in their answer, and sustain it by evidence. Mr. Bishop, in his treatise on Contracts, says (section 348): "If by parol stipulation, or, a fortiori, if by the writing itself, the contract was not to be deemed complete until other signatures should be added, it without such addi-

tion will not bind those who have signed; but, if nothing of this appears, the parties signing will be holden, though even on the face of it the signatures of others were contemplated by the draftsman.'' ''It rests upon the party who has signed and delivered the instrument to establish that the delivery was intended to be in escrow'': Chouteau v. Suydam, 21 N. Y. 179. See, also, Haskins v. Lombard, 16 Me. 140, 33 Am. Dec. 645; Parker v. Bradley, 2 Hill, 584; Dillon v. Anderson, 43 N. Y. 231; Cochran v. Blout, 161 U. S. 350, 40 L. Ed. 729, 16 Sup. Ct. Rep. 454; City of Los Angeles v. Mellus, 59 Cal. 444; Cavanaugh v. Casselman, 88 Cal. 543, 26 Pac. 515. The allegation in the complaint that the defendants represented to the plaintiff that they were authorized to act for Burcham in making the contract, which for the purpose of the demurrer must be taken as an admission of this fact, tends to refute the proposition that it was the intention of the parties that he should sign the contract before it should become operative. It does not appear that they did not in fact have such authority, or that he is unwilling to abide by its terms.

The allegation that the defendants ''made and entered into'' the agreement sufficiently imports a delivery: Russell v. Whipple, 2 Cow. 536; Peets v. Bratt, 6 Barb. 662; Smith v. Waite, 103 Cal. 372, 37 Pac. 232.

Under the terms of the contract, the plaintiff had the right to enter upon the mining claims for the purpose of working and developing them. It is evident that the ultimate object of the contract was to give him the right at any time within six months after its date to acquire an undivided half interest in the property for the sum of $500,000. In order that he might intelligently determine whether to exercise this option, he was to have an opportunity of testing the value of the property by an expenditure of money thereon, which, in case he failed to make the purchase, would inure to the benefit of the defendants. The consideration for the defendants' agreement to give him this option was his agreement to expend the sum of $10,000 in opening and developing the property, and building a quartz-mill thereon; and for this purpose the right to enter upon the mining claims was necessarily implied. The allegation in the complaint that he was placed in possession of the mining claims by the defendants ''for the purpose of performing his part of the contract,'' was a contemporary construction by them of its meaning;

and the further allegation that immediately after its execution he notified them of his election to perform his part of the contract, and thereby acquire the undivided one-half interest in the mining claims, "as in said contract mentioned," was an acceptance by him of what was previously an offer, and created an enforceable obligation on his part to expend the said sum of $10,000. Whatever want of mutuality of obligation existed at the execution of the contract was thus removed, and the contract to this extent became binding upon all parties thereto: Hall v. Center, 40 Cal. 63; Thurber v. Meves, 119 Cal. 35, 50 Pac. 1063, 51 Pac. 536; Sayward v. Houghton, 119 Cal. 545, 51 Pac. 853, 52 Pac. 44.

The subsequent refusal by the defendants to permit the plaintiff to perform this obligation is a sufficient excuse for its nonperformance, and their repudiation of the contract prior to the expiration of the period of six months, and declaration that they would not execute him a deed for the one-half interest, released him from the necessity of tendering the $50,000 as a condition of maintaining the action: Civ. Code, sec. 1440; Sheplar v. Green, 96 Cal. 218, 31 Pac. 42.

It was not necessary to make Burcham a defendant in the action. It does not appear that he participated in preventing the plaintiff from entering upon the property or performing his part of the contract. No relief is sought against him, and there is nothing in the complaint to show that he is not willing to carry out the agreement of the defendants. The judgment is reversed, and the superior court is directed to overrule the demurrer to the complaint.

We concur: Garoutte, J.; Van Fleet, J.