[Civ. No. 3128.   First Appellate District, Division Two.—November 12, 1919.]

## M. J. DOYLE, Respondent, v. ALLA DOYLE, Appellant.

[1] PROMISSORY NOTES—EXECUTION BY COERCION AND DURESS—EVIDENCE—VERDICT—APPEAL.—In an action upon a promissory note a finding of the jury, as evidenced by its verdict, that the note was not secured by coercion and duress as claimed by the defendant, cannot be disturbed on appeal where such finding is based on conflicting evidence.

[2] ID. — CONSIDERATION — BURDEN OF PROOF. — While a promissory note itself imports a consideration and in an action thereon the burden is on the defendant to show that there was none, in this action such burden was met by clear and positive evidence and the burden of proof which was then shifted to plaintiff was not met.

[3] COMMUNITY PROPERTY—DAMAGES FOR PERSONAL INJURIES.—Proceeds of a judgment for damages for personal injury to the husband, sustained during the course of his employment, represent an award for the injury to the family relation, and not being included within the definition of separate property in section 163 of the Civil Code, and being acquired after marriage, become a part of the community property.

[4] PROMISSORY NOTES—CONSIDERATION—QUESTION OF FACT.—Though the question whether a consideration passed is one for the jury, the facts must show a legal consideration, not an imaginary one.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.  T. A. Norton, Judge.  Reversed.

The facts are stated in the opinion of the court.

W. H. Spencer and C. P. Kaetzel for Appellant.

Lamy & Putnam for Respondent.

NOURSE, J.—This is an appeal from a judgment following a verdict in favor of plaintiff upon a promissory note for two thousand two hundred dollars.  Plaintiff and defendant were husband and wife.  The note was executed by the wife on March 28, 1914.  She defends on the ground

2.  Community property, what is, note, 126 Am. St. Rep. 99.

of want of consideration and that the execution of the note was secured by coercion and duress. **[1]** Upon the latter defense the finding of the jury, as evidenced by its verdict, based as it is on conflicting evidence, cannot be disturbed. As to the first defense, appellant's case rests upon the question whether, as a matter of law, the facts proved show a failure of a legal consideration.

**[2]** These facts are that plaintiff and defendant were intermarried in Texas October 8, 1907; that at that time they each owned property in El Paso, Texas, from which, at the time of marriage and continuing to the time of trial, plaintiff received $35 a month and defendant received $90 a month in rentals. These moneys, together with plaintiff's wages, he put in a joint account with his wife in banks in El Paso. They were used for the mutual expenses of the family. In January, 1912, plaintiff was injured in the course of his employment, and received no wages from that time until the time of the trial, during which time the family was supported by the rentals received from the El Paso properties and what money was saved by the parties prior to the date of the injury. Soon after the injury the parties moved to California, bringing one thousand dollars, the balance of this joint bank account, nine hundred dollars of which was deposited with a bank in San Luis Obispo. The rents from the El Paso properties were deposited in the same bank. Soon thereafter plaintiff received $910 in sick benefits on account of his injuries and $1,585 as the proceeds of a damage suit on the same account. These moneys were likewise deposited in the same bank in San Luis Obispo. With the moneys so deposited the parties purchased a lot in San Luis Obispo County for $550, upon which they erected improvements, making a total investment of two thousand six hundred dollars. In July, 1912, defendant deeded her interest in this property to plaintiff. The deed was not recorded until April, 1914, soon after this note was obtained. It was the home property in which the parties lived, and in November of the same year defendant filed a declaration of homestead upon it. The property rights of the respective parties were put in issue in a divorce proceeding which, at the time of the trial of this action, was still pending in San Luis Obispo County. In that proceeding the plaintiff

in this action claimed the home property in San Luis Obispo as his own.

Defendant's testimony was that there was no consideration whatever for the note and that it was given merely to appease her husband, who was suffering from a nervous mental condition as a result of his injury. A few months after the execution of the note plaintiff was committed to a state institution for the insane, where he remained for nearly two years. This condition no doubt affected his memory of the events and accounts for his conflicting and evasive testimony. In answer to defendant's positive testimony that no consideration passed he advanced several different claims in support of a consideration, based upon the theory that it was an adjustment of the community interests of the parties. For instance, he claimed a community interest in the defendant's separate property in El Paso until the record was produced showing a conveyance to defendant before the marriage relation existed. He claimed that he had paid some one thousand two hundred dollars for street work, assessed against his wife's separate property in El Paso, and $240 for painting and repairing the same, and, when this was disputed, admitted that the El Paso transactions were not taken into consideration when the note was executed. He claimed that the note was given him by his wife so he could have money to speculate with. Yet no money passed in the transaction, and he testified that when the note was signed he immediately handed it to his attorney, with instructions to hold it until his death and then to give it to his wife. Another claim was that he gave his wife one thousand one hundred dollars from their joint account in the bank in San Luis Obispo to purchase an automobile, and that this was a consideration for the note. Yet the automobile was purchased for his own benefit, and immediately after his commitment his wife sold it. These discrepancies are pointed out, not for the purpose of discrediting the witness, but to show the unstable ground upon which plaintiff's claim of a consideration stands.

Of course, the note itself imports a consideration and the burden was on defendant to show there was none. This she met by clear and positive evidence. The burden of proof was then shifted to plaintiff. Eliminating the El Paso transactions from the consideration, as, of course, they must

be under any reasonable view of the evidence, and eliminating the claim that the note was given him so he could raise money for speculation, as this is negatived by his instructions to his attorney to keep the note until his death, the situation is that the parties came to California with about one thousand dollars, which was the result in part of their community savings and the rentals of their separate estates. [3] To this was added the sick benefits received by plaintiff, which were in lieu of wages and hence community property, and also the proceeds of the damage suit. Was this money separate or community property? Section 163 of the Civil Code defines the separate property of the husband as that owned by him before marriage and that acquired afterward by gift, bequest, devise, or descent. "All other property acquired after marriage by either husband or wife, or both, is community property." (Civ. Code, sec. 164.) The proceeds of the judgment for damage for injury to the husband, sustained during the course of his employment, represent an award for the injury to the family relation, and not being included within the definition of separate property in section 163 of the Civil Code, and being acquired after marriage, they become a part of the community estate. (*McFadden* v. *Santa Ana etc. Ry. Co.*, 87 Cal. 464, 468, [11 L. R. A. 252, 25 Pac. 681]; *Moody* v. *Southern Pac. Co.*, 167 Cal. 786, 789, [141 Pac. 388].) There was thus a community estate of $2,495, plus whatever part of the one thousand dollars brought from El Paso came from plaintiff's wages. With these funds the home in San Luis Obispo was purchased for two thousand six hundred dollars, and plaintiff took full title as his separate property. In addition to this, he purchased from the same fund some country land, which he continued to hold and claim as his separate estate, and an automobile which his wife sold for seven hundred dollars while he was confined in the institution. Out of a community estate of less than three thousand four hundred dollars he had already received two thousand six hundred dollars and his wife subsequently received seven hundred dollars. At the time the note was executed the wife's interest in his community estate was a mere expectancy, but she was not required to convey that right without a consideration.

[4] Though the question whether a consideration passed is one for the jury, the facts must show a legal consideration, not an imaginary one. There is no evidence of a legal consideration for the note, and the judgment and order denying a new trial are, therefore, reversed.

Brittain, J., and Langdon, P. J., concurred.