[Civ. No. 19365.   First Dist., Div. Two.   Nov. 23, 1960.]

DE CASTRO AND COMPANY (a Corporation), Respondent, v. LIBERTY STEAMSHIP OF PANAMA, S. A., (a Corporation) et al., Defendants; GEORGE H. COCOTOS, Appellant.

Allen H. Trant and Harry D. Miller for Appellant.

Lillick, Geary, Wheat, Adams & Charles and George W. Hellyer, Jr., for Respondent.

SHOEMAKER, J.—This is an appeal from a judgment of the Superior Court of Alameda County by defendant George H. Cocotos. The appeal of the defendant Liberty Steamship has heretofore been dismissed.

The plaintiff is a foreign corporation which performs services in assisting vessels to pass through the Suez Canal. The defendant Liberty Steamship was a charterer of two ships, the "Hastedt" and the "Ganges." The defendants sent plaintiff two checks on different dates to pay for passage of these ships through the canal, which were signed:

> "LIBERTY STEAMSHIP OF PANAMA, S. A.
> GEORGE H. COCOTOS
> President."

The checks were duly presented for payment. One was not paid because of insufficient funds and the other because payment had been stopped by defendants. Proper steps as to protest were taken and this action followed.

Plaintiff's complaint against the defendants contains the usual allegations in actions upon a negotiable instrument, among which are that the defendants duly made and delivered the checks to the plaintiff, which are then set forth *in haec verba*. The defendants in their answer admitted the making and delivery of the checks but denied they had been issued for a consideration and affirmatively alleged that they had been issued for canal tolls on ships that were not in their service or control and that plaintiff had been so notified (but no allegation as to time of notice). There was no general or specific denial of any other matter in the complaint.

The pretrial order, so far as pertinent, was drawn as follows:

"The pre-trial statement of the plaintiff, down to and including the end of the word 'consideration' on Line 10, Page 2, is adopted as a part of the order and incorporated herein by reference.

"[I. Plaintiff has filed this action as payee, owner and holder of two checks, totalling $10,800 drawn by defendants on Crocker Anglo National Bank at Oakland. Payment of the checks was refused by the bank and plaintiff has never been paid the amounts of such checks. Copies of the checks are attached to the complaint as Exhibits A and B. The answer denies for lack of information that plaintiff was a foreign corporation duly organized and existing under and by virtue of the laws of a foreign government. The answer denies that the checks were issued for a valuable consideration. Otherwise the allegations of the complaint are admitted.

"[II. Requests for Admissions have been addressed to the defendants Liberty Steamship of Panama, S. A. and George H. Cocotos. Numerous copies of letters, telegrams and other correspondence are attached to the admissions. No depositions have been taken nor have there been any other discovery or preliminary proceedings.

"[III. The single issue appears to be whether or not the checks described in the complaint were issued for a valuable consideration. . . .]

"In addition to the denials set up in the answer listed in Paragraph I of the plaintiff's statement, the defendants also deny that the plaintiff was the agent of defendants at all times material herein."

With the issues thus delineated the parties proceeded to trial. The plaintiff introduced the checks into evidence, and then rested its case. The defendant-appellant then moved for a nonsuit on the ground that he signed the checks for the company, and not in his individual capacity and hence could not be held personally liable. The trial judge denied the motion on the ground that the issue of the appellant's signature in his representative capacity had not been raised in the pleadings or at the pretrial conference, nor in the pretrial order, and therefore could not be raised for the first time at trial. The defendants presented their case, and the court found there had been consideration for the checks and rendered judgment for plaintiff against both defendants.

It must be noted initially under the substantive law of negotiable instruments that, where as here, the instrument appears to be made for the principal by the agent, the latter is not liable individually. (*Charles Nelson Co.* v. *Morton* (1930), 106 Cal.App. 144 [288 P. 845]; *Sayre* v. *Nichols* (1857), 7 Cal. 535, 540 [68 Am.Dec. 280]; Civ. Code, § 3101.) However, the plaintiff argues that by failing to deny his individual liability in the pleadings appellant must be bound by an admission of personal liability. (*Smith* v. *Waite* (1894), 103 Cal. 372, 373 [37 P. 232].) He points to the allegation in his complaint, "defendants duly made and delivered to plaintiff, for a valuable consideration, a check . . ." and claims that since defendants did not deny this allegation they come within the rule that a defendant is held to conclusively admit material averments of a complaint which he fails to deny. (*Rembold* v. *City & County of San Francisco* (1952), 113 Cal.App.2d 795, 796 [249 P.2d 58]; Code Civ. Proc., § 462.) ■ Such is not the law, for where the pleader sets forth the legal effect of an instrument, and in the same plea sets forth the instrument *in haec verba,* if there are inconsistencies the latter controls. (*Stoddard* v. *Treadwell* (1864), 26 Cal. 294, 303; *Castro* v. *R. Goold & Son, Inc.* (1954), 128 Cal.App.2d 40, 47 [274 P.2d 708].) ■ Since the checks pleaded *in haec verba* clearly disclose a lack of personal liability on appellant's part, the allegation that he duly made them is surplus, and the failure to deny the allegation cannot be treated as an admission.

Even though favored by this rule of law, appellant cannot prevail on this appeal for we have before us a situation which is controlled by the Rules for Superior Courts governing pretrial, the particular rule being:

"Rule 8.8. *Effect of Pre-Trial Conference Order*

"When filed, the pre-trial conference order becomes a part of the record in the case and, where inconsistent with the pleadings, controls the subsequent course of the case unless modified at or before trial to prevent manifest injustice. Any motion so to modify before trial shall be heard by the pretrial conference judge or, if not available, before the presiding judge or, if none, before any judge sitting in that court."

Examining the record in connection with the pretrial order, we are of the opinion that appellant never raised any issue as to his personal liability or as to his acting in a representative capacity prior to the trial because he was satisfied there

was no responsibility on his part inasmuch as he had terminated his connection with the ships before they went through the canal. His difficulty in this respect is that he never notified respondent of this state of affairs until after it had performed the duties requested by appellant.

Under these circumstances the issue as to appellant's personal liability by reason of his representative capacity was not preserved in the pretrial order and the sole issue presented for trial was the appellant's liability on the checks as a matter of deciding whether the services, the consideration for the checks, were rendered to the charterer or to the owners of the vessels. (*Dell'Orto* v. *Dell'Orto* (1959), 166 Cal.App.2d 825, 829 [334 P.2d 97] ; *Wiese* v. *Rainville* (1959), 173 Cal.App.2d 496, 508 [343 P.2d 643] ; *Greenberg* v. *Bank of America* (1959), 175 Cal.App.2d 664 [346 P.2d 848].)

The rule above referred to provides for modification of the pretrial order under proper circumstances but no such application was made at any time by appellant.

Appellant's argument that he did not receive consideration for the checks is without merit. ▮▮▮ The law presumes that there was consideration for the checks. (Code Civ. Proc., § 1963, subds. 21 and 39; Civ. Code, § 3105.) The introduction of the checks into evidence not only shifted the burden of proof on the question of consideration to appellant (*Doyle* v. *Doyle* (1919), 44 Cal.App. 259, 261 [186 P. 188] ; *Estate of Lissner* (1938), 27 Cal.App.2d 570, 578 [81 P.2d 448]), but also supports a finding of consideration for them (*Cohen* v. *Kaufman* (1948), 89 Cal.App.2d 463, 465 [200 P.2d 834]).

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied December 23, 1960, and appellant's petition for a hearing by the Supreme Court was denied January 18, 1961. Peters, J., was of the opinion that the petition should be granted.