Opinion
COLE, J.
Plaintiff appeals from a summary judgment granted to defendants. The complaint sought the recovery of money, based upon a common count “for goods, wares, and merchandise furnished to defendants at defendants’ request, [for] which . . . defendants agreed to pay.” Plaintiff sued as the assignee of Mobil Oil Corporation. Interrogatory answers and other papers filed in the matter show that defendants purchased gasoline from Mobil and entered into a retail dealer’s contract with that com-: pany.
The motion for summary judgment was made, and granted, on the ground that the action was barred by the two-year statute of limitation found in Code of Civil Procedure section 339, subdivision 1, relating to actions upon contracts, obligations or liabilities not founded upon an instrument of writing. Plaintiff’s argument was that the four-year provisions of Code of Civil Procedure section 337, subdivision 1, relating to actions upon contracts, obligations or liabilities founded upon an instrument in writing controlled. The briefs of the parties devoted themselves to this issue.
We reverse. One of the overlooked statutes of California, apparently never cited in a reported judicial opinion since its adoption in 1967, is section 2725 of the California Uniform Commercial Code. It provides, in subdivision (1) thereof: “An action for breach of any contract for sale must be commenced within four years after the cause of action has ac *Supp. 3 crued.” This is such an action, being one for the price due the seller, under section 2709 of the California Uniform Commercial Code.
Section 2725 was not adopted by the Legislature in 1963 when other portions of the California Uniform Commercial Code were enacted into law. The California code comment at that time stated as follows: “A California State Bar Committee gives the following reasons for the omission of this section in California: ‘The Official Text of section 12725 [2-725] would establish a uniform four-year period for commencing an action for breach of a sales contract, written or oral. Presently, the periods in California are four years for a written contract Fn.: Code Civ. Proc., § 337] and two years for an oral contract [Fn., Code Civ. Proc., § 339].
5 1»
The section was inserted into the California Uniform Commercial Code by the Legislature in 1967, however. At that time the California code comment was that nationwide uniformity was desirable and that the four-year period was in accord with the present California rule for the time for bringing action on written contracts.
In recommending section 2725 for enactment the California Uniform Commercial Code comment was to the effect that the section “takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four-year period as the most appropriate to modem business practice.”
It is thus apparent that actions on sales contracts may, in the absence of facts not present here,[1] be commenced within four years of accrual of the cause of action, even if the sales contract is oral.' (See 2 Witkin, Cal. Procedure (2d ed. 1970), 1132.) The summary judgment is reversed.
Katz, P. J., and Marshall, L, concurred.

Section 2725 of the California Commercial Code contains provisions for shortening the period by agreement, as well as provisions for tolling and other provisions dealing with the time of accrual of causes of action. These provisions are not involved in this appeal.