TRIPLE INTEREST, INC., Plaintiff,

v.

MOTEL 6, INC., Defendant.

WARREN & COLLINS, INC., Defendant
and Third-party Plaintiff,

v.

MOTEL PROPERTIES, INC.,
Third-party Defendant.

No. 74–C–242.

United States District Court,
W. D. Wisconsin.

June 10, 1976.

**590**

Jay D. Moretti, Madison, Wis., for plaintiff Triple Interest.

William H. Alverson, of Godfrey & Kahn, Milwaukee, Wis., and Marshall Manley, of Manatt, Phelps & Rothenberg, Los Angeles, Cal., for defendant Motel 6.

John P. Brady, of Weiss, Steuer, Berzowski & Kriger, Milwaukee, Wis., for defendant and third party plaintiff Warren & Collins.

### Order

DOYLE, District Judge.

This is a civil suit arising out of an agreement for the purchase and sale of real estate. Jurisdiction is claimed under 28 U.S.C. § 1332(a).

Plaintiff alleges it entered into an agreement to sell certain land in LaCrosse, Wisconsin, to defendant Warren & Collins, Inc., the exclusive and authorized agent of defendant Motel '6', Inc.; that at the time for closing, defendants refused to pay plaintiff the purchase price of the land in conformance with the agreement, although plaintiff stood ready to tender a warranty deed to the premises; and that as a result of defendants' refusal to perform, plaintiff has been damaged in the amount of $64,000.[1]

Defendant Warren & Collins admits the allegation that it acted as agent for defendant Motel '6' and that it entered into an agreement to purchase the LaCrosse property from plaintiff. Defendant Warren & Collins, Inc., has cross-claimed against defendant Motel '6', alleging that defendant Motel '6' agreed to indemnify and hold it harmless from liability arising from its relationship with Motel '6'; and alternatively alleging that it has a lease agreement with defendant Motel '6' for the LaCrosse property on which it demands specific performance.

---

1. The complaint in this action seeks specific performance of an offer to purchase, or money damages in the alternative; however, in an affidavit filed August 22, 1975, plaintiff avers that it is no longer in a position to convey title to the land which is the subject of the agreement and no longer seeks the remedy of specific performance. No amended complaint has been filed to reflect the changed circumstances.

Defendant Warren & Collins, Inc. has filed a third-party complaint against Motel Properties, Inc., alleging that it entered into an agreement with Motel Properties, Inc., to assign to Motel Properties, Inc. the Motel '6' sites "in process and negotiation as of December 31, 1973," one of which is the LaCrosse site which is the subject of this lawsuit.

Defendant Motel '6' has moved for summary judgment as to plaintiff's claim against it on the ground that the agreement for the sale of the LaCrosse property is unenforceable against Motel '6' under the Wisconsin Statute of Frauds, §§ 706.02, 706.03, Wis.Stats. Defendant Motel '6' asserts that the agreement is unenforceable against it under § 706.02 as it was not signed by defendant Motel '6' itself nor was it signed by defendant Warren & Collins, Inc. as agent for Motel '6', and, further, that it is unenforceable against it under § 706.03 because Motel '6' is not identified in the agreement, the agreement is not signed by Warren & Collins, Inc. as agent for Motel '6', and Motel '6' is not identified as an authorizing principal either in the contract itself or in the form of signature or acknowledgement.

Plaintiff has moved for summary judgment against both defendants, contending that defendant Motel '6' is liable to it as authorizing principal of defendant Warren & Collins, Inc.; that the agency relationship and the authority of defendant Warren & Collins, Inc. to execute purchase agreements in behalf of defendant Motel '6' are shown conclusively by the copy of the agency agreement on file herein; and that since the purchase agreement was executed in California, the Wisconsin Statute of Frauds is not applicable. Plaintiff argues, alternatively, that even if the agreement is governed by Wisconsin law, it is not made unenforceable by the Statute of Frauds because the parties have relied upon the agreement and under either the general provisions of equitable estoppel or under the explicit provisions of Wis.Stats. § 706.-

04, Motel '6' is estopped from denying the validity of the agreement.

Plaintiff argues, also, that whether or not this is a proper case for the entry of summary judgment against defendant Motel '6', it is appropriate for the entry of judgment against defendant Warren & Collins, Inc., as Warren & Collins, Inc. has failed to dispute any substantial issue of fact.

The cross-motions for summary judgment are presently before the court.

From the record, I find that there is no genuine issue as to the following matters set out under the heading, "Facts."

## FACTS

Plaintiff is a closely-held Wisconsin corporation with its principal place of business in Madison, Wisconsin. Its principal business is real estate development. Defendant Warren & Collins, Inc. is a California corporation whose principal place of business is Santa Barbara, California. Defendant Motel '6' Inc. also has its principal place of business in Santa Barbara, California.[2]

Plaintiff has been involved in at least eight attempts to develop sites in Wisconsin for defendant Motel '6'. Some of the sites have been utilized by defendant Motel '6'; others have not.

On October 30, 1973, plaintiff entered into an agreement in writing with defendant Warren & Collins, Inc. under which plaintiff agreed to sell and Warren & Collins, Inc. agreed to purchase certain land located at LaCrosse, Wisconsin, for the sum of $105,000. The agreement was executed in Santa Barbara, California, by John L. Warren on behalf of "Warren & Collins, Inc. and/or assignee," as Buyer and by "David J. Meier, Triple Interest, Inc. by David J. Meier" as Seller. The agreement provided that the buyer's obligation to conclude the transaction was conditioned on the consummation of the following:

1. Subject to seller's providing engineers certificate of soils bearing capacity of

---

**2.** There is a dispute as to whether defendant Motel '6' is a California or a Delaware corpora-

tion. There is no allegation that it is a Wisconsin corporation.

2,200 pounds sq. ft. for support of buyer's standard two-story motel.

2. Subject to provision at seller's expense of certified topographical survey.

3. Subject to seller's provision of additional compacted fill on site to raise building areas to that minimum elevation required by City of LaCrosse, and the balance of the site to conform to a reasonable drainage plan; all of said improvements to be completed by March 1, 1974.

4. Subject to seller's provision of any required off-site improvements for storm sewer drainage.

5. Subject to issuance of Building Permits for 100 unit (approximately) motel without buyers incurring expense for off-site improvements other than normal sewer and water connections from adjacent street and connection charges therefore not to exceed $500.00.

Nothing on the face of the agreement indicates that the parties made a choice as to which state's law would apply to their agreement. The agreement does not identify or refer to an authorizing principal. The agreement is not signed by Motel '6' nor is there any identification of Motel '6' in the agreement.

In reliance upon the agreement to purchase, plaintiff exercised two options for the purchase of the two portions of the land covered by the agreement and caused improvements to be made to the land. At the time for closing of the agreement, plaintiff was ready and able to tender a warranty deed and demanded that defendant Warren & Collins, Inc. perform in accordance with the terms of the agreement. Despite plaintiff's demands, defendants Warren & Collins, Inc. and Motel '6' refused to pay plaintiff the purchase money pursuant to the terms of the agreement.

After this suit was begun, a judgment was entered by the county court for La-Crosse County, Wisconsin, foreclosing plaintiff's interest in the land which was the subject of the agreement with defendant Warren & Collins, Inc. On or about March 28, 1975, plaintiff entered into a contract for the sale of the land to a corporation which is not a party to this lawsuit. The contract contained a contingency which would have permitted defendants or either one of them to complete the purchase of the land by April 17, 1975. Plaintiff advised defendants of the contract and of the contingency. Defendants failed to perform the agreement. On May 19, 1975, plaintiff conveyed the land to the non-party corporation for a purchase price of $39,000.

## OPINION

■ Although plaintiff chose Wisconsin as the forum for its lawsuit, it now seeks to avoid the effect of Wisconsin law and of the Wisconsin Statute of Frauds by urging the application of California law to the agreement which is at issue herein. Although plaintiff did not raise the matter of the possible application of a foreign law in its original pleadings, nor amend its pleadings to raise the issue, defendants have responded to the issue in their briefs. I consider that defendants have had an adequate opportunity to raise objections to the application of foreign law to the agreement and that it is appropriate to decide the issue.

The facts demonstrate substantial contacts with the state of California: the agreement was executed in California and both defendants have their principal places of business in that state; however, there is nothing in the record to show that there is a conflict between the laws of California and Wisconsin which will affect the outcome of the lawsuit.

In its brief, plaintiff has cited California, Civil § 1624. I take judicial notice that § 1624 provides as follows (in applicable part):

"The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent:

\*   \*   \*   \*   \*   \*

(4) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest

therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent is in writing, subscribed by the party sought to be charged; . . .."

Plaintiff contends that there is a substantial difference between the California statute and § 706.03(1) of the Wis.Stats., which provides:

"A conveyance signed by one purporting to act as agent for another shall be ineffective as against the purported principal unless such agent was expressly authorized, and unless the authorizing principal is identified as such in the conveyance or in the form of signature or acknowledgement. The burden of proving the authority of any such agent shall be upon the person asserting the same." [3]

Plaintiff asserts that if California law is applied, plaintiff would be permitted to introduce independent written evidence showing that defendant Warren & Collins, Inc. had authority to act as agent for Motel '6', and was so acting in the execution of the agreement. There is nothing in the record to support this assertion. Plaintiff has offered no evidence in support of its interpretation of the statute, nor has it asked the court to take judicial notice of any California state court decisions which have construed § 1624.

Moreover, my own review of the California statutes indicates that whatever plaintiff might be able to prove under § 1624 about the agency-principal relationship of the defendants, he would be precluded from enforcing the agreement against defendant Motel '6' by § 2337, Civil, which requires that the agency relationship must be plainly inferable from the face of the agreement, which is not the case in the agreement at issue.[4]

The burden is on the party asserting the conflict to demonstrate that application of the law of one state rather than another would affect the outcome of the lawsuit. I conclude that plaintiff has failed to meet its burden of proving that there is a conflict in the laws of the two states which would affect the outcome of this lawsuit.

Even were I to find that there is a conflict and were I to apply the Wisconsin conflicts laws to this case, as I am bound to do, *Klaxon Company v. Stentor Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), I would conclude that the agreement is to be determined by Wisconsin law.

Early Wisconsin cases applied a straightforward choice-of-law rule to agreements for the transfer of interests in land: such agreements, wherever executed, were to be determined by the "law of the situs" test. In recent years, the Supreme Court of the State of Wisconsin has rejected traditional choice-of-law rules in cases involving torts and contracts in general.

The Wisconsin supreme court has adopted the view that choices of law in conflicts cases are to be determined by application of what I will refer to as the "choice-influencing considerations rule" described by Robert A. Leflar in Choice-Influencing Considerations in Conflicts Law, 41 N.Y.U.L.Rev. 267 (1966). These considerations are:

A) predictability of results;

B) maintenance of interstate and international order;

C) simplification of the judicial task;

D) advancement of the forum's governmental interests;

E) application of the better rule of law.

See, *e. g., Hunker v. Royal Indemnity Co.,* 57 Wis.2d 588, 598–99, 204 N.W.2d 897 (1972); *Heath v. Zellmer,* 35 Wis.2d 578, 151 N.W.2d 664 (1967).

---

**3.** As used in this statute, "conveyance" means a written instrument evidencing a transaction by which any interest in land is created, aliened, mortgaged, assigned, or otherwise affected in law or in equity, and which satisfies the requirements of § 706.02. § 706.01, Wis. Stats. (1973).

**4.** § 2337 reads as follows:

An instrument within the scope of his authority by which an agent intends to bind his principal, does bind him *if such intent is plainly inferable from the instrument itself.* [Emphasis added.]

I have found no reported decision of the court on the application of Wisconsin conflicts law to the transfer of interests of land since the adoption of the new rule. It may be that when land is the subject of the dispute, the general "choice-influencing considerations rule" is so weighted by the significance of the subject matter that the outcome of the analysis is destined to be the "law of the situs." At the least, the tendency would be toward development of a rule such as that expressed in the Restatement, at § 189 of the proposed Official Draft, Restatement of the Law, Second, Conflicts of Laws, 1968, which deals in this manner with contracts for the sale of interests in land, as distinguished from contracts in general:

> The validity of a contract for the transfer of an interest in land and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where the land is situated unless, with respect to the particular issue, some other state has a more significant relationship to the transaction and the parties, in which event the local law of the other state will be applied.

In this particular case, the outcome remains the same whether the law of the situs test, the Restatement rule, or the more general choice-influencing considerations rule is followed.

Under the Restatement, the party urging application of the foreign law must show the more significant relationship of the foreign state to the transaction and to the parties. The Comments to the Restatement suggest that a state which is not the situs might be the state of most significant relationship to the transaction where the contract would be invalid under the law of the state of the situs, but valid in the other state. In the instant case, there is no such consideration. The contract is not invalid under Wisconsin law, nor is it clear that it would be valid under California law.

Application of a foreign law might be justified in a situation if that were the only means of protecting the justified expecta-tion of the parties, but in this case, the facts are in dispute as to the expectations of the parties. I conclude that, if the Restatement provision is the test, plaintiff has failed to show that any law other than that of Wisconsin should apply to the agreement at issue.

I turn next to an analysis of the "choice-influencing considerations" rule which begins with predictability of results. Because there is widespread recognition of a state's special interest in its own land, contracting parties would expect that the validity of their contracts for interests in land would be determined by the law of the state in which the land is located. Application of Wisconsin law to this agreement is the predictable result which should have been anticipated by plaintiff and its application will further the future predictability of results, the first of the choice-influencing considerations.

The second consideration, maintenance of interstate and international order, "requires that a state that is minimally concerned defer to the interests of a state that is substantially concerned." *Conklin v. Horner,* 38 Wis.2d 468, 475, 157 N.W.2d 579, 584 (1968).

I understand that this consideration looks both to the amount of the forum state's contact with the issues and also to the effect that application of a foreign law would have upon the interests of the forum state. In other words, the court first determines that the forum state's contacts are not "so inconsequential or minimal that the application of its law would be an absurdity or unconstitutional or would be likely to lead to retaliatory judgments," *Hunker v. Royal Indemnity Co., supra,* 57 Wis.2d at 601, 204 N.W.2d at 904, and then determines whether application of the foreign law would breach the forum state's obligation to its citizens or otherwise interfere with a legitimate state interest.

Wisconsin's contacts are clearly not inconsequential or minimal: the land is in Wisconsin and one of the parties to the contract is a Wisconsin corporation with its principal place of business in Wisconsin.

The application of Wisconsin's law would not be an absurdity or unconstitutional and would be unlikely to lead to retaliation. So the question is what effect application of California's law would have upon Wisconsin's interests. Wisconsin's interest in its land is substantial. In addition, the state has a substantial interest in protecting its citizens and landowners from fraud and misrepresentation in the conveyance of land. The legislature has recognized this substantial state interest by enacting § 706.03 requiring the disclosure of an agency relationship on the face of a conveyance, presumably in the belief that this requirement would reduce the likelihood of misrepresentation and fraudulent omissions. The rule of disclosure provides protection to parties to a conveyance of land by requiring that they be advised of the identity of the principals with whom they are dealing and it provides protection to third parties from fraudulent claims naming them as principals.

The third consideration, simplification of the judicial task, is weighted in favor of a clear rule which requires express disclosure of the agency relationship. Choosing the California law would tend to prolong and complicate the trial of this lawsuit.

The fourth consideration, advancement of the forum's governmental interest, is affected by the same concerns expressed in connection with the second consideration: protection of the state's citizens from fraud and misrepresentation.[5]

The final consideration can be analyzed only tentatively as the record is not clear as to the extent of disclosure required under California law. I am persuaded, however, that the Wisconsin rule requiring disclosure on the face of the conveyance is a better rule than one which does not require disclosure. Nondisclosure of agency relationships is a practice which lends itself to abuse and to protracted litigation, see, e. g., *Handlos*

*v. Missman*, 7 Wis.2d 660, 97 N.W.2d 419 (1959).

■ Therefore, the effect of the agreement must be determined by Wisconsin law. Under Wis.Stats. § 706.03(1), plaintiff is precluded from enforcing the agreement against defendant Motel '6' as alleged principal. Plaintiff argues, however, that it can escape the operation of § 706.03(1) by virtue either of the general principles of equitable estoppel or of the explicit provisions of Wis. Stats. § 706.04. These arguments are unpersuasive.

■ In order to avail oneself of the principle of equitable estoppel, the party asserting the estoppel must show (1) that the party to be estopped engaged in conduct amounting to false representation or concealment of material facts; (2) that the party to be estopped intended or expected that the conduct would be acted upon or would influence the other party; (3) the party to be estopped knew, or should have known, the facts of the matter; (4) the party asserting the estoppel lacked both the knowledge and the means of knowing the truth of the facts in question; (5) the party asserting the estoppel relied in good faith on the conduct or statements of the party to be estopped; and (6) the party to be estopped acted, or failed to act, in such a way as to change to his detriment the position of the party asserting the estoppel.

■ The record is devoid of facts which would support a finding that the principle of equitable estoppel should be applied against Motel '6'. Plaintiff has established only that it relied upon the agreement executed by it and by defendant Warren & Collins, Inc., and that its reliance caused it to incur expenses it might otherwise not have incurred. I conclude that defendant Motel '6' is not estopped from asserting the defenses implicit in § 706.03(1).

---

**5.** The definition of the "choice-influencing considerations" would be cleaner if the second were confined to whether the forum state's contacts with the issues are too inconsequential and minimal, and if the fourth, the advancement of the forum's governmental inter-
ests, were thought to encompass consideration of how application of the law of the non-forum state would affect the interest of the forum state. But the second consideration was treated more expansively in *Hunker, supra.*

As to the operation of § 706.04, I conclude that plaintiff cannot avail itself of the provisions of that statute, as it is directed only to transactions which do not satisfy one or more of the requirements of § 706.-02.[6] There is no showing that the transaction here in question failed to satisfy one or more of the requirements of § 706.02. Rather, it is an asserted failure to satisfy a requirement of § 706.03 which is at stake here, and § 706.04 does not refer to deficiencies under § 706.03. Moreover, § 706.04 requires that the party asserting the validity of the conveyance make a showing either (1) that the deficiency of the conveyance may be supplied by equitable reformation or (2) that the opposing party will be unjustly enriched if the conveyance is declared invalid; or (3) that the principles of equitable estoppel prevent the opposing party from asserting the deficiency. Plaintiff has failed to show that the elements of equitable estoppel are present in this case and makes no claim that the agreement can be enforced against Motel '6' by application of the principles of equitable reformation or of unjust enrichment.

Accordingly, I will dismiss plaintiff's complaint as against defendant Motel '6' for plaintiff's failure to state a claim upon which relief may be granted.

Plaintiff contends that it is entitled to summary judgment against defendant Warren & Collins, Inc., whatever the outcome of other phases of the lawsuit. Plaintiff asserts that it has established its case against that defendant because Warren & Collins, Inc., disputes none of the factual issues.

It is true that defendant Warren & Collins, Inc., admits in its answers all of plaintiff's allegations relating to the signing of the agreement. It is not true, however, that there are no facts in dispute. Defendant Warren & Collins, Inc., denies that plaintiff was ready, able, and willing on the date of closing to fulfill and perform the agreement in all respects. Defendant Warren & Collins, Inc., points out that in his deposition plaintiff's president acknowledged that on the date of closing, one of the conditions of the agreement (the issuance of building permits) had not been satisfied. Plaintiff's president maintains that securing the permits was the obligation of defendant Motel '6', but he does not deny that the building permits had not been secured. This testimony raises a disputed issue of material fact which precludes me from entering summary judgment against defendant Warren & Collins, Inc.

### ORDER

On the basis of the foregoing opinion, IT IS ORDERED that the motion of defendant Motel '6' for summary judgment as against plaintiff is GRANTED; plaintiff's motions for summary judgment as against defendants Motel '6' and Warren & Collins, Inc., are DENIED.

---

**6.** Wis.Stats. § 706.04 provides:

"A transaction which does not satisfy one or more of the requirements of s. 706.02 may be enforceable in whole or in part under doctrines of equity, provided all of the elements of the transaction are clearly and satisfactorily proved and, in addition:

(1) The deficiency of the conveyance may be supplied by reformation in equity; or

(2) The party against whom enforcement is sought would be unjustly enriched if enforcement of the transaction were denied; or

(3) The party against whom enforcement is sought is equitably estopped from asserting the deficiency. A party may be so estopped whenever, pursuant to the transaction and in good faith reliance thereon, the party claiming estoppel has changed his position to his substantial detriment under circumstances such that the detriment so incurred may not be effectively recovered otherwise than by enforcement of the transaction, and either:

(a) The grantee has been admitted into substantial possession or use of the premises or has been permitted to retain such possession or use after termination of a prior right thereto; or

(b) The detriment so incurred was incurred with the prior knowing consent or approval of the party sought to be estopped."