[Civ. No. 29342. Fourth Dist., Div. Two. Feb. 22, 1984.]

LYLE FUNDIN, Plaintiff and Appellant, v.
CHICAGO PNEUMATIC TOOL COMPANY et al.,
Defendants and Respondents.

COUNSEL

Gutierrez & Bidart, Michael J. Bidart and Jean Cihigoyenetche for Plaintiff and Appellant.

Latham & Watkins, A. Victor Antola, Milton A. Miller and Paul D. Tosetti for Defendants and Respondents.

## OPINION

**McDANIEL, J.**—This is an appeal from a minute order sustaining defendant Chicago Pneumatic Tool Company's demurrer without leave to amend. The appeal should have been taken from the judgment of dismissal entered pursuant to the minute order. We construe the appeal to have been taken from the judgment (*Zappas* v. *King Williams Press, Inc.* (1970) 10 Cal.App.3d 768, 770, fn. 1 [89 Cal.Rptr. 307]) and address the case on its merits.

### FACTS

Lyle Fundin (plaintiff) operated a well-drilling business. He entered into negotiations with Shepherd Machinery Company (Shepherd) and Chicago Pneumatic Tool Company (Chicago) for the purchase of a Chicago Pneumatic RT 1800 drill rig. These negotiations included Fundin's being flown to Chicago's factory to examine the rig. A written contract was executed, and plaintiff took delivery of the rig on November 28, 1977.

Plaintiff was displeased with the rig. It did not drill as deep, or pump out as much mud, as he thought they had represented it would. It also was missing some tools and had hoses of a lower capacity than he thought it should have had. On May 15, 1981, he sued both Shepherd and Chicago

for breach of contract, breach of express warranty, intentional misrepresentation, negligent misrepresentation, and breach of contract for failure to deliver goods. He also sued Shepherd for breach of implied warranty and breach of implied warranty of fitness for a particular purpose. Chicago demurred, and its demurrer was sustained with 30 days leave to amend. Plaintiff then filed his first amended complaint, in which he dropped the causes of action based on negligent and intentional misrepresentation, and added Chicago to the causes of action based on breach of implied warranty and breach of implied warranty of fitness for a particular purpose. Chicago again demurred, and the demurrer was once more sustained with 30 days leave to amend.

Plaintiff filed a second amended complaint and Chicago again demurred. This time Chicago's demurrer was sustained without leave to amend, on the grounds that Chicago was not a party to the written contract and because the complaint was not brought within the two-year statute of limitations applicable to oral contracts. (Code Civ. Proc., § 339.) Plaintiff then brought this appeal, arguing that the demurrer was improperly sustained.

DISCUSSION

The following, well-settled rules govern our review of a judgment sustaining a demurrer to a complaint. ■ The allegations of the complaint must be regarded as true. It must be assumed that the plaintiff can prove all of the facts as alleged. ■ The court must, at every stage of an action, disregard any defect in the pleadings that does not affect the substantial rights of the parties. ■ Pleadings must be reasonably interpreted; they must be read as a whole and each part must be given the meaning that it derives from the context wherein it appears. ■ All that is necessary as against a general demurrer is to plead facts showing that the plaintiff may be entitled to some relief. ■ In passing upon the sufficiency of a pleading, its allegations must be liberally construed with a view to substantial justice between the parties. ■ While allegations of the complaint are deemed to be true in ruling on the demurrers, where an allegation is contrary to law or to a fact of which a court may take judicial notice, it is to be treated as a nullity. Any allegations in the complaint which are inconsistent with facts set out in an unambiguous written instrument, incorporated by reference, may be stricken. (*Nichols* v. *Canoga Industries* (1978) 83 Cal.App.3d 956, 965 [148 Cal.Rptr. 459]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleadings, §§ 319, 320.) In other words, if there are inconsistencies between the complaint and the written instrument, the written instrument controls. (*De Castro & Co.* v. *Liberty Steamship of Panama* (1960) 186 Cal.App.2d 628, 631 [9 Cal.Rptr. 107].) ■ If, despite defects in form or substance, it is reasonably probable that the complaint can be cured

by amendment, and if a fair, earlier opportunity to correct the substantive defect has not been given, a demurrer should not be sustained without leave to amend. (*Cordonier* v. *Central Shopping Plaza Associates* (1978) 82 Cal.App.3d 991, 998-999 [147 Cal.Rptr. 558].)

Guided by the foregoing rules and principles, we now turn to whether plaintiff's complaint was adequate to withstand Chicago's demurrer, and, if not, whether a further opportunity to amend should have been afforded.

■ Four of plaintiff's five causes of action turn on the existence of a *contract between plaintiff and Chicago*: (1) breach of contract; (2) breach of implied warranty; (3) breach of implied warranty of fitness for a particular purpose; and (4) breach of contract for failure to deliver goods.[1] As to these four causes of action, Chicago's demurrer was properly sustained because there was no such contract.

The written sales contract attached to the complaint clearly shows that it is a contract between plaintiff and Shepherd, and not between plaintiff and Chicago. Plaintiff himself noted this fact in his memorandum of points and authorities in opposition to Chicago's demurrer, in which he stated that the sales contract was one "between Plaintiff and Shepherd Machinery Co. *not involving Defendant Chicago Pneumatic.*" (Italics added.) Allegations to the contrary in plaintiff's complaint must fail in view of the contents of the contract itself, which was signed only by Shepherd and in which Chicago was mentioned only in the description of the rig. Although plaintiff also alleged facts to suggest that Shepherd signed the contract as Chicago's agent, and that therefore Chicago was bound by the contract executed by its purported agent, Civil Code section 2337 provides: "An instrument within the scope of his authority by which an agent intends to bind his principal, does bind him *if such intent is plainly inferable from the instrument itself.*" (Italics added; *Sunset Milling & Grain Co.* v. *Anderson* (1952) 39 Cal.2d 773, 778 [249 P.2d 24].) Despite plaintiff's attempts to develop an agency relationship out of the fact that a sales brochure states that the drills are distributed by Shepherd, there is nothing in the written contract itself from which one could infer that Shepherd purported to act as Chicago's agent or that Chicago was Shepherd's principal. (See *Leonard* v. *Gallagher* (1965)

---

[1]Privity of contract between a plaintiff and defendant is ordinarily required to recover for breach of warranty. (2 Witkin, Summary of Cal. Law (8th ed. 1973) Sales, §§ 187-188.) However, a number of exceptions to this requirement have been developed. For example, privity is not required when the goods involved are foodstuffs. (*Burr* v. *Sherwin Williams Co.* 42 Cal.2d 682, 695 [268 P.2d 1041].) Otherwise, when employees are injured by items bought by their employers, the courts have found a form of privity to exist despite the fact that no contract existed between the employee and the seller. (*Peterson* v. *Lamb Rubber Co.* (1960) 54 Cal.2d 339 [5 Cal.Rptr. 863, 353 P.2d 575].) No such exception applies in the case here as to plaintiff's implied warranty causes of action.

235 Cal.App.2d 362, 371 [45 Cal.Rptr. 211]; *Triple Interest, Inc.* v. *Motel 6, Inc.* (W.D.Wis. 1976) 414 F.Supp. 589, 593.)[2]

■ However, plaintiff's cause of action based on breach of express warranty does not require privity of contract with Chicago; when a consumer relies on representations made by a manufacturer in labels or advertising material, recovery is allowable on the theory of express warranty without a showing of privity. (*Burr* v. *Sherwin Williams Co., supra,* 42 Cal.2d 682, 696, and cases cited therein.)

■ In the case here, plaintiff alleged that Chicago and Shepherd had disseminated the sales brochure to the public and to him, and that it constituted a warranty. The brochure stated, in relevant part, "[The RT-1800] has a basic depth rating of 1800 ft. using 4½" dia. drill pipe with hole sizes ranging from 5¾" to 8¾"[3] diameter. The depth and hole sizes are dependent on suitable drilling conditions and can be exceeded under favorable conditions using specialized procedures." "HIGH PRESSURE MUD PUMP. The 5×6 duplex piston pump equipped for slush service is rated at 175 G.P.M. at 88 strokes per min. at 310 P.S.I."[4] On a page of the brochure entitled "Specifications" was the following information: "Rated Capacity: 1800 ft. ([illegible]m) with 4½" (11.5 cm) dia. drill pipe. Rating based on favorable drilling conditions."[5] At the bottom of the specifications page was the following statement: "We reserve the right to amend these specifications at any time without notice. The only warranty applicable is our standard written warranty. We make no other warranty count expressed or implied and particularly make no warranty of suitability for any particular purpose."

Clearly, the above brochure warrants, under favorable conditions and using a 4½ inch diameter drill pipe, that the rig will drill to depths of 1,800 feet. ■ The next question is whether or not the paragraph excluding other warranties negates the effect of the specifications and other statements concerning the drill's capacities otherwise contained in the brochure as noted. Section 2316, subdivision (1) of the California Uniform Commercial Code provides that: "(1) Words or conduct relevant to the creation of an

---

[2]Plaintiff never alleged that Chicago was the manufacturer of the rig, but Chicago's status as manufacturer is implicitly indicated by plaintiff's allegations involving his trip to Chicago's factory to view the rig as well as by the sales brochure.

[3]The figures "5¾" to 8¾"" had been lined out and "8½" and 30"" were written in in their place.

[4]The figure "5×6" had been lined out and "7½ × 450 gpm 200 lbs" were written above the paragraph about the mud pump.

[5]The figure "4½"" had been lined out and "5"" written in instead.

express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this division on parol or extrinsic evidence (Section 2202) negation or limitation is inoperative to the extent that such construction is unreasonable."

The California Uniform Commercial Code comment to section 2316 notes that: "1. This section is designed principally to deal with those frequent clauses in sales contracts which seek to exclude 'all warranties, express or implied.' It seeks to protect a buyer from unexpected and unbargained language of disclaimer by denying effect to such language when inconsistent with language of express warranty and permitting the exclusion of implied warranties only by conspicuous language or other circumstances which protect the buyer from surprise." (See also Ezer, *The Impact of the Uniform Commercial Code on the California Law of Sales Warranties* (1961) 8 UCLA L.Rev. 281, 311-313.) Strict construction against the person who has both warranted a particular fact to be true and then attempted to disclaim the warranty is especially appropriate in light of the fact that "[A] disclaimer of an express warranty is essentially contradictory, . . ." (2 Witkin, Summary of Cal. Law (8th ed. 1973) Sales, § 74.) In the case here, when a product has been expressly described by its manufacturer as having certain detailed capacities under certain conditions, it would be both unfair and unreasonable to construe the language "[t]he only warranty applicable is our standard written warranty. We make no other warranty count express or implied and particularly make no warranty of suitability for any particular purpose" as negating the express description, particularly when, for all the consumer knows, "our standard written warranty" is the detailed list of specifications. We therefore hold that the warranties contained in the brochure could not be disclaimed or excluded, and hence they were not.

■ The next question is whether the four-year statute of limitations of California Uniform Commercial Code section 2725 applies to plaintiff's breach of express warranty cause of action against Chicago, or whether instead Code of Civil Procedure section 339's two-year statute of limitations is applicable.

Section 2725 provides, in relevant part: "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the

breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." It establishes a uniform four-year period for commencing an action for breach of *either written or oral sales contracts. (Hachten* v. *Stewart* (1974) 42 Cal.App.3d Supp. 1, 3 [116 Cal.Rptr. 631].)

Chicago urges that section 2725 does not apply to the case here, as no "contract for sale" exists between it and plaintiff. It points out that a "sale" consists of "the passing of title from the seller to the buyer for a price" (Cal. U. Com. Code, § 2106, subd. (1)) and that a contract is "the total legal obligation which results from the parties' agreement as affected by this code and any other applicable rules of law." (Cal. U. Com. Code, § 1201, subd. (11).) It argues, because Chicago was not a party to the written sales contract, that the only possible remaining "contract" upon which plaintiff might base his claim against Chicago is the alleged collateral oral agreement whereby plaintiff allegedly agreed to purchase the rig from Shepherd in exchange for Chicago's collateral oral warranties. This "contract" was not a "contract for sale," Chicago urges, because Chicago did not pass title to the rig to plaintiff. Therefore, it contends, the only applicable statute of limitations is Code of Civil Procedure section 339, for actions on contracts, obligations or liabilities not founded upon an instrument of writing.

Chicago points out that a California court has refused to apply section 2725's statute of limitations to an action brought by a consumer plaintiff against a manufacturer, which action was based on breach of implied and express warranties as to the safety of its products. (*Becker* v. *Volkswagen of America, Inc.* (1975) 52 Cal.App.3d 794 [125 Cal.Rptr. 326].) However, *Becker* is distinguishable from the case here, for the plaintiff in *Becker* brought a complaint for *personal injury* against the manufacturer, and the court's holding that the applicable time limit was the one-year statute of limitations for personal injury (Code Civ. Proc., § 340, subd. (3)), rather than the four-year statute of limitations of section 2725, derived from the fact that section 2725 was not intended to apply to actions which, though couched in breach of warranty terms, are in reality actions based on strict liability in tort. The court pointed out that the warranties between a manufacturer and consumer in such cases are not assumed by agreement but are imposed by law, and that thus the manufacturer is held liable not by the law of contract warranties but by the law of strict liability in tort. (*Becker, supra,* at p. 801.)

In the case here, of course, plaintiff's complaint is based not on personal injury but on failure of the product to perform as warranted, resulting in economic loss, and therefore Chicago's reliance on *Becker* and the line of out-of-state cases it cites is misplaced. Nonetheless, we are persuaded that

the four-year statute of limitations in section 2725 is only brought into play when a contract for sale exists between the disgruntled buyer and the one he seeks to hold liable. No such contract for sale, as defined by section 2106, subdivision (1), existed between plaintiff and Chicago; the title and purchase price were exchanged by Shepherd and plaintiff. Therefore, the trial court was correct in sustaining the demurrer without leave to amend as to the cause of action for express warranty.

### DISPOSITION

The judgment sustaining the demurrer as to all of plaintiff's causes of action is affirmed.

Morris, P. J., and Kaufman, J., concurred.