Filed 4/26/13  Mercury Ins. Co. v. Jones CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MERCURY INSURANCE COMPANY et al.,<br><br>        Plaintiffs and Appellants,<br><br>        v.<br><br>DAVE JONES, as Insurance Commissioner, etc.,<br><br>        Defendant and Respondent. | B244204<br><br>(Los Angeles County<br>Super. Ct. No. BS137151) |

APPEAL from an order of the Superior Court of Los Angeles County, Ann I. Jones, Judge.  Affirmed.

Barger & Wolen, Steven H. Weinstein, Spencer Y. Kook and Peter Sindhuphak, for Plaintiffs and Appellants.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Paul D. Gifford, Senior Assistant Attorney General, W. Dean Freeman, Felix E. Leatherwood, Stephen Lew and Lisa W. Chao, Deputy Attorneys General, for Defendant and Respondent.

## I. INTRODUCTION

This is an appeal from a judgment dismissing a mandate petition by plaintiffs, Mercury Insurance Company, Mercury Casualty Company and California Automobile Insurance Company ("Mercury"), against Dave Jones, the Insurance Commissioner of the State of California ("the commissioner"). Mercury's mandate petition sought review of the commissioner's March 30, 2012 order, which rejected an administrative law judge's proposed decision. The proposed decision dismissed a noncompliance proceeding (Ins. Code, § 1858.1) against Mercury on the ground the California Department of Insurance ("the department") had violated due process principles and the Administrative Procedure Act (Gov. Code, § 11340 et seq.). Mercury's appeal challenges the trial court's order sustaining without leave to amend the commissioner's demurrers to the petition on the grounds of failure to exhaust administrative remedies and failure to state a cause of action for a writ of mandate (Code Civ. Proc., [1] §§ 1085, 1094.5) and declaratory relief (§ 1060). We affirm.

## II. BACKGROUND

The petition alleged the following. On February 2, 2004, the department initiated a Notice of Noncompliance (Ins. Code, § 1858 et seq.) against Mercury for alleged violations of Proposition 103. The notice, order to show cause and accusation alleged that Mercury allowed its agents to charge broker fees to policyholders and then improperly collected premiums in excess of rates approved by the commissioner. Mercury allegedly engaged in unfair, deceptive and fraudulent business practices within the meaning of Insurance Code section 790.03. The department sought penalties and suspension of Mercury's certificate of authority.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

During the noncompliance proceedings before an administrative law judge, Consumer Watchdog intervened on behalf of the department. The proceedings progressed to the point of presenting witnesses and evidence. A controversy arose over California Code of Regulations, title 10, former section 2614.13 which governs "prepared direct testimony" of witnesses. Such testimony of each direct witness expected to be called to testify by the department or intervener was required to be submitted 40 business days before the evidentiary hearing. The department and intervener intended to call "adverse witnesses," who were either current or former employees of Mercury and its agents and brokers. The department and intervener maintained that California Code of Regulations, title 10, former section 2614.13 did not apply to adverse witnesses.

On June 5, 2009, the administrative law judge resolved the controversy in Mercury's favor by ordering the department and intervener to submit prepared direct testimonies of all witnesses including adverse witnesses expected to be called to testify at the hearing. The intervener subsequently submitted the testimonies of 22 adverse witnesses in the form of exhibits, prior trial and deposition transcripts, and declarations from other actions. The administrative law judge subsequently granted Mercury's motion to strike the submission on the ground it did not conform to California Code of Regulations, title 10, former section 2614.13.

The controversy concerning the 22 adverse witnesses continued over the course of several years. In November 2009, the department and intervener sought certification for the commissioner's decision the question of whether California Code of Regulations, title 10, former section 2614.13 applied to adverse witnesses or, alternatively, approval of the form and procedure for submission of prepared direct testimony of adverse witnesses. The administrative law judge, who refused certification in April 2010, ordered the parties to meet and confer on a procedure to submit the adverse witness testimony.

On August 13, 2010, the commissioner issued a notice of proposed action to amend California Code of Regulations, title 10, former section 2614.13 to clarify that prepared direct testimony is required only for certain types of witnesses. The proposed amendment would add the following language to California Code of Regulations, title 10,

3

former section 2614.13: "Prepared direct testimony is required only for witnesses who, at the time the testimony is offered, are employees, agents, officers, directors, or independent contractors of the party offering testimony or experts retained by the party offering the testimony."

The Office of Administrative Law approved the amended California Code of Regulations, title 10, section 2614.13 on December 30, 2010. The parties briefed the issue of whether the amendment applied to the noncompliance proceeding against Mercury. After a hearing on the issue, the administrative law judge determined the amended regulation did not apply. But, the administrative law judge also ordered the department to disclose any ex parte communications between the department and the commissioner regarding the noncompliance proceeding which may have blurred the line between the prosecutor and decision maker and the regulatory and adjudicatory functions.

In compliance with the administrative law judge's order, the department's General Counsel, Adam M. Cole, filed a declaration denying that there were ex parte communications between the department and the commissioner regarding the prepared direct testimony issue and the amended regulation. According to Mr. Cole, he did not communicate with Commissioner Dave Jones or former Commissioner John Garamendi on the issues. Mr. Cole did attend a meeting on June 2, 2009, with former Commissioner Steve Poizner, which all the parties attended regarding settling the noncompliance proceeding. In an April 26, 2011 letter to the administrative law judge, Mr. Cole stated that he directed the initiation of the rulemaking to remedy what the department contended was an erroneous interpretation of the former regulation. Mr. Cole disclosed that he spoke with former Commissioner Poizner's chief of staff and special counsel, who were authorized to approve the rulemaking to amend the regulation. But, neither the chief of staff nor the special counsel spoke with former Commissioner Poizner regarding the rulemaking.

On January 31, 2012, the administrative law judge issued a proposed decision dismissing the noncompliance proceeding. The proposed dismissal was based on the administrative law judge's conclusions: the department failed to comply with California

4

Code of Regulations, title 10, section 2614.13; the communications between the department and the commissioner's office were ex parte communications, which violated the Administrative Adjudication Bill of Rights (Gov. Code, § 11425.10 et seq.); the department failed to maintain a separation between its investigative, prosecutorial, rule-maker, and adjudicative functions; and the failure to comply with the separation of functions standards violated Mercury's due process and fair hearing rights.

There is no dispute that the administrative law judge did not conduct an evidentiary hearing on the noncompliance issue before issuing the proposed decision. On March 30, 2012, the commissioner issued an order rejecting the administrative law judge's proposed decision and referring the matter to the Office of Administrative Hearings for an evidentiary hearing and decision on the merits of the noncompliance proceedings.

On April 19, 2012, Mercury filed the current petition seeking traditional (§ 1085) and administrative mandamus (§ 1094.5) as well as declaratory relief. Mercury argued traditional mandamus relief was appropriate because the commissioner lacked authority to reject the proposed decision. Mercury contended the commissioner's order was subject to administrative mandamus under section 1094.5. Mercury also requested a declaration on the issues of whether the commissioner lacked discretion, jurisdiction or authority to reject the administrative law judge's decision in light of the alleged due process violations.

The commissioner demurred to the petition on the grounds of failure to exhaust administrative remedies and insufficiency of facts to constitute causes of action. The commissioner asserted: Mercury did not exhaust administrative remedies available under the Insurance Code before seeking judicial review; traditional mandamus was not available to review quasi-adjudicative decisions by the commissioner, who had discretion to adopt, amend or reject a proposed decision; administrative mandamus was not available because there is no final administrative decision, only an order directing a hearing; and declaratory relief could not be used to attack an administrative decision or circumvent section 1094.5's requirements.

5

The trial court sustained the demurrer without leave to amend. In so doing, the trial court concluded: administrative mandamus is the sole remedy available to challenge a final decision; Mercury did not exhaust administrative remedies or allege sufficient facts showing futility; traditional mandamus was not available because the commissioner exercised his discretion by rejecting the proposed decision; and declaratory relief was not available to circumvent the requirements of section 1094.5. Plaintiff filed a notice of appeal on September 25, 2012, before the trial court entered a judgment dismissing the petition on October 9, 2012.[2] The premature appeal is deemed timely. (See Cal. Rules of Court, rule 8.104(d); *In re Social Services Payment Cases* (2008) 166 Cal.App.4th 1249, 1262, fn. 4.)

## III. DISCUSSION

### A. Standard of Review

A reviewing court's "'[O]nly task in reviewing a ruling on a demurrer is to determine whether the complaint states a cause of action.'" (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 300; *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.) The reviewing court assumes the truth of allegations in the complaint which have been properly pleaded and gives it a reasonable interpretation by reading it as a whole and with all its parts in their context. (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 558; *People ex rel. Lungren v. Superior Court*, *supra*, 14 Cal.4th at p. 300; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) However, the assumption of truth does not apply to contentions, deductions, or conclusions of law and fact. (*People ex rel. Lungren v. Superior Court*, *supra*, 14 Cal.4th at pp. 300-301; *Moore v. Regents of University of California, supra*, 51 Cal.3d at p. 125.) Furthermore, any allegations that are contrary to the law or to a fact of which judicial

---

[2] On January 14, 2013, we denied Mercury's petition for stay or writ of supersedeas filed on January 3, 2013.

6

notice may be taken will be treated as a nullity. (*Interinsurance Exchange v. Narula* (1995) 33 Cal.App.4th 1140, 1143; *Fundin v. Chicago Pneumatic Tool Co.* (1984) 152 Cal.App.3d 951, 955.) The Supreme Court has held: "On appeal from a judgment of dismissal entered after a demurrer has been sustained without leave to amend, unless failure to grant leave to amend was an abuse of discretion, the appellate court must affirm the judgment if it is correct on any theory. [Citations.] If there is a reasonable possibility that the defect in a complaint can be cured by amendment, it is an abuse of discretion to sustain a demurrer without leave to amend. [Citation.] The burden is on the plaintiff, however, to demonstrate the manner in which the complaint might be amended. [Citation.]" (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742; *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

### B. Noncompliance Statutes and Regulations

The commissioner has authority to issue a statement of charges and set a hearing to determine whether to impose penalties against a party the commissioner believes has engaged in unfair practices. (Ins. Code, § 790.05.) The hearing must be conducted in accordance with the Administrative Procedure Act. (Ins. Code § 790.05; see Gov. Code, § 11517, subd. (a); Cal. Code Regs., tit. 10, §§ 2614 (h) & (i), 2614.1, 2614.2(b).) The commissioner can refer the matter to an administrative law judge to conduct the hearing and make a proposed decision, which will be submitted to the commissioner. (Gov. Code, § 11517, subd. (c); Ins. Code, § 1858.2, subd. (f); Cal. Code Regs., tit. 10, § 2614.24.) The commissioner may adopt, modify, remand for further hearing, or reject the proposed decision and decide the matter himself based on the record. (Gov. Code, § 11517, subd. (c)(2)(D); Cal. Code Regs., tit. 10, § 2614.24, subd. (b).) Thus, the commissioner issues the final decision on the matter. (Ins. Code, § 1858.2, subd. (f).)

7

## C. Administrative Procedure Act Principles

"While the state's administrative agencies have considerable leeway in how they structure their adjudicatory functions, they may not disregard certain basic precepts. One fairness principle directs that in adjudicative matters, one adversary should not be permitted to bend the ear of the ultimate decision maker or the decision maker's advisers in private. Another directs that the functions of prosecution and adjudication be kept separate, carried out by distinct individuals. California's Administrative Procedure Act (APA) ( Gov. Code, § 11340 et seq.)" (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2006) 40 Cal.4th 1, 5 (hereafter *Quintanar*).)

Among the statutory protections in the administrative adjudication bill of rights provisions of the Administrative Procedure Act are: "(1) separation of adjudicative and prosecutorial functions, and (2) restrictions on ex parte communications." (*Rondon v. Alcoholic Beverage Control Appeals Board* (2007) 151 Cal.App.4th 1274, 1284 (hereafter *Rondon*), citing *Quintanar*, *supra*, 40 Cal.4th at pp. 9-10.) Government Code section 11425.10, subdivision (a)(4) provides: "The adjudicative function shall be separated from the investigative, prosecutorial, and advocacy functions within the agency . . . ." Ex parte communications are restricted by Government Code section 11425.10, subdivision (a)(8). Government Codes section 11430.10, subdivision (a) restricts communications as follows: "While the proceeding is pending there shall be no communication, direct or indirect, regarding any issue in the proceeding, to the presiding officer from an employee or representative of an agency that is a party or from an interested person outside the agency, without notice and opportunity for all parties to participate in the communication."

## D. The Mandamus Claims

Mercury contends the trial court erred in sustaining demurrers to its claims for traditional (§ 1085) and administrative mandamus (§ 1094.5). Before resolving the sufficiency of the purported claims, we must determine the nature of the petition.

Traditional mandamus is available pursuant to section 1085 subdivision (a), which provides: "A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such inferior tribunal, corporation, board, or person."

There are two requirements for a section 1085 writ to issue: (1) a clear, present and usually ministerial duty upon the part of the respondent; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty. (*City of King City v. Community Bank of Central California* (2005) 131 Cal.App.4th 913, 925; *Unnamed Physician v. Board of Trustees* (2001) 93 Cal.App.4th 607, 618.) Mandamus may not be used to control a body to exercise discretion in a particular manner. (*Ridgecrest Charter School v. Sierra Sands Unified School Dist.* (2005) 130 Cal.App.4th 986, 1002; *Morris v. Harper* (2001) 94 Cal.App.4th 52, 62.)

A petition for administrative mandamus is appropriate under section 1094.5, subdivision (a) when a party seeks review of "the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer . . . ." Our Supreme Court has held: "A petition for administrative mandamus is appropriate when the party seeks review of a 'determination, finding, or decision of a public agency, made as a result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in a public agency, on the

9

grounds of noncompliance with [applicable law],' generally referred to as an 'adjudicatory' or 'quasi-judicial' decision. [Citations.]" (*Western States Petroleum Assn.* v. *Superior Court* (1995) 9 Cal.4th 559, 566-567.)

Here, the petition arose after the commissioner issued a statement of charges and referred the matter to the Office of Administrative Hearings to assign an administrative law judge to conduct the hearing against Mercury. The petition was in the nature of an administrative mandamus proceeding because a hearing was required, evidence was required to be taken and discretion in the determination of facts was vested in the commissioner. As such, Mercury's exclusive means of review was by a petition for administrative mandamus. (See also Ins. Code, §§1858.6; 1861.09; *Farmers Ins. Exchange v. Superior Court* (1992) 2 Cal.4th 377, 382, fn. 1.)

### 1. Mercury is not entitled to judicial review by administrative mandamus.

The trial court correctly determined the absence of a final decision precluded judicial review by administrative mandamus. It is well settled that judicial review by administrative mandamus is limited to a final determination by the agency "decision maker." (*City of Fillmore v. State Bd. of Equalization* (2011) 194 Cal.App.4th 716, 726; *McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 284-285.) Insurance Code section 1861.09 provides in this regard that "for purposes of judicial review, a decision to hold a hearing is not a final order or decision . . . ." Moreover, once the administrative proceedings are initiated, "a court may neither review nor enforce the administrative decision until after the administrative review proceedings are completed." (*City of Fillmore v. State Bd. of Equalization*, *supra*, 194 Cal.App.4th at p. 726, citing *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 291-292.) Thus, before obtaining relief from a court, the party seeking administrative mandamus must exhaust any administrative agency remedies. (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 321; *City of Fillmore v. State Bd. of Equalization, supra,* 194 Cal.App.4th at pp. 725-726.) "Exhaustion of *administrative* remedies is 'a jurisdictional

prerequisite to resort to the courts.'" (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 70.)

There is no final decision on the merits because the commissioner did not issue a final decision. Instead, the commissioner rejected the administrative law judge's proposed decision and ordered an evidentiary hearing on the merits of the charges. There has never been a hearing determining the merits of the noncompliance order. Accordingly, Mercury's failure to exhaust its administrative remedies precluded judicial review of the commissioner's order setting a hearing to determine the noncompliance issues on the merits.

2. Mercury did not establish an exception to exhaustion.

Mercury claims it was not required to exhaust administrative remedies because the commissioner lacked authority or jurisdiction to reject the administrative law judge's decision. (See *Coachella Valley Mosquito and Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1081-1082.) The argument lacks merit because the commissioner is the final decision maker not the administrative law judge. (Ins. Code, § 1858.2, subd. (f).) The commissioner had authority to adopt, reduce, modify or reject the administrative law judge's decision dismissing the noncompliance proceeding. (Gov. Code, § 11517, subd. (c)(2)(A)-(E); Cal. Code Regs., tit. 10, § 2614.24, subd. (b).)

Mercury contends that the administrative law judge's findings of due process and Administrative Procedure Act violations narrowed the commissioner's ultimate decision making power. According to Mercury, the commissioner was obligated to approve the proposed decision and dismiss the noncompliance action as recommended or limit its remand to further findings on the due process violations. To support its contentions, Mercury relies on Supreme Court authority (*Quintanar, supra,* 40 Cal.4th 1) and two appellate court decisions (*Chevron Stations, Inc. v. Alcoholic Beverage Control Appeals Board* (2007) 149 Cal.App.4th 116 (hereafter *Chevron*) and *Rondon, supra,* 151

11

Cal.App.4th 1274).  But, as shown below Mercury's reliance on these cases is misplaced at this juncture of the proceedings.

In *Quintanar*, the Department of Alcoholic Beverage Control brought administrative actions against several licensees who had allegedly violated the terms of their licenses.  (*Quintanar*, *supra,* 40 Cal.4th at p. 4.)  Evidentiary hearings were held before an administrative law judge, who prepared a proposed decision for consideration by the director.  (*Id*. at pp. 5-6.)  At that time, the Department of Alcoholic Beverage Control's practice after the close of each administrative hearing was for the prosecutor to prepare a report of the hearing and send it to the director's chief counsel.  (*Id*. at p. 6.)  In *Quintanar*, the administrative law judge recommended dismissal of the accusations against each of the licensees, but the director rejected the proposed decision and instead suspended their licenses.  (*Ibid*.)

Our Supreme Court concluded the Administrative Procedure Act did not "permit ex parte contacts between an agency's prosecutor and its ultimate decision maker or his or her advisers about the substance of the case, prior to the ultimate decision maker rendering a final decision[.]" (*Quintanar*, *supra*, 40 Cal.4th at p. 8.)  The submission of ex parte reports and recommendations to the ultimate decision maker in the case violated the licensees' right to a fair proceeding, and constituted a violation of the Administrative Procedure Act.  (*Id*. at pp. 10-11, 15-16.)  The Supreme Court would "not countenance" a situation in which one party submits a "secret unrebutted review of the hearing to the ultimate decision maker . . . ." (*Id*. at p. 17.)  Accordingly, the appropriate remedy was to reverse the orders suspending the licenses.  However, the Supreme Court did not bar the use of all prosecutor decision maker reports in the future, only ex parte contacts between advocates and decision makers.  (*Ibid*.)  The report could be used so long as it was submitted to both sides and the licensee was given an opportunity to respond.  (*Ibid*.)

*Rondon* considered the same Department of Alcoholic Beverage Control ex parte reporting practice which had been challenged in *Quintanar*.  (*Rondon*, *supra*, 151 Cal.App.4th at pp. 1287-1288.)  *Rondon* reversed a decision by the Alcoholic Beverage Control Appeals Board to affirm a Department of Alcoholic Beverage Control's decision

to revoke a liquor license. (*Id*. at pp. 1279, 1289-1290.) *Rondon* concluded the Department of Alcoholic Beverage Control violated the Administrative Procedure Act's prohibition of ex parte communication. (*Ibid*.) *Rondon* further concluded that no showing of prejudice was required to warrant reversal of the decision to revoke the liquor license because of the Department of Alcoholic Beverage Control's ex parte communication and use of extra-record information to make the ultimate decision. (*Id*. at p. 1290.)

Similarly, in *Chevron Stations*, *Inc*., reversal of an order suspending a license was the required remedy when the Department of Alcoholic Beverage Control decision maker was given a report of the hearing by the prosecutor before a decision was made. (*Chevron Stations, Inc., supra*, 149 Cal.App.4th at pp. 120-121.)

All of the aforementioned cases were based on ex parte communications concerning the *merits* of a final decision by an administrative agency to revoke a license. These cases addressed the appropriate remedy for a final decision in which ex parte communications were made about the *merits* to the decision maker following full blown hearings. This case, however, raises two different issues: (1) an ex parte communication in the rule making process concerning presentation of evidence; and (2) an exhaustion of administrative remedies for failure to obtain a final decision. None of the cases cited by Mercury involved an exhaustion of administrative remedies claim. The cited cases did not hold an ex parte communication in the rule making process concerning the use of evidence excuses a party from exhausting available administrative remedies. The cited cases also did not purport to hold that, once an administrative law judge makes due process and Administrative Procedure Act findings, the decision maker is bound by them.

In addition, Mercury failed to establish it was futile to exhaust available administrative remedies. Futility is a narrow exception to the exhaustion doctrine which will excuse a plaintiff that can positively state what the administrative decision would have been in the particular case. (*Coachella Valley Mosquito & Vector Control Dist. v. Cal. Pub. Emp. Rel. Bd., supra,* 35 Cal.4th at p. 1081; *Ogo Associates v. City of Torrance* (1974) 37 Cal.App.3d 830, 834.) There is no way to predict whether the evidentiary

13

dispute over presentation of direct testimony will ultimately affect the outcome of the noncompliance proceeding. Should Mercury prevail on the merits in the noncompliance proceedings, the ex parte communications issue is moot.

Even if Mercury does not prevail on the merits, its claims of due process and statutory violations may be more fully developed for consideration on remand. For that reason, we disagree with Mercury's assertion that completing the hearing process is a wholly inadequate remedy because its due process rights to a fair hearing have already been violated by the hearing process. (See *Brown v. City of Los Angeles* (2002) 102 Cal.App.4th 155, 168.) Mercury claims it is harmed by having to continue to defend against the noncompliance proceedings. Mercury's concerns about the fairness of the administrative proceeding may be addressed if and when there is a final decision on the merits. And, rather than being inadequate, the hearing will provide an opportunity for the parties to address the issues.

Under the circumstances, Mercury did not establish any basis for failing to exhaust its administrative remedies.

### 3. Mercury did not establish a traditional mandamus claim.

The trial court also correctly sustained the demurrer to the traditional mandamus claim. As we have discussed above, the exclusive remedy for review in this matter is by administrative mandamus after a final decision.

Furthermore, Mercury did not allege facts showing a ministerial duty on the commissioner's part to adopt a proposed decision of an administrative law judge. (*City of King City v. Community Bank of Central California, supra,* 131 Cal.App.4th at p. 925; *Unnamed Physician v. Board of Trustees, supra,* 93 Cal.App.4th at p. 618.) The contrary is true; Government Code section 11517, subdivision (c)(2)(A)-(E) grants the commissioner discretion to adopt, reduce, modify, or reject a proposed decision.

In any event, Mercury's failure to exhaust administrative remedies would also preclude review of a traditional mandamus claim. (*Eight Unnamed Physicians v.*

14

*Medical Executive Com.* (2007) 150 Cal.App.4th 503, 511-512; *Unnamed Physician v. Board of Trustees, supra,* 93 Cal.App.4th at pp. 619-620.)

### E.  The Declaratory Relief Request

The petition also sought a declaration regarding the commissioner's jurisdiction or authority or to exercise his discretion in rejecting the proposed decision.  But, these are the same issues which are raised by the traditional and administrative mandamus claims. We have concluded the appropriate means of judicial review in this case for Mercury's claims is by administrative mandamus after a final decision.

Declaratory relief is appropriate to establish rights between parties "in cases of actual controversy" (Code Civ. Proc., § 1060); however, it is not an appropriate means to obtain judicial review of an administrative decision.  (*State v. Superior Court* (1974) 12 Cal.3d 237, 247; *Hill v. Manhattan Beach* (1971) 6 Cal.3d 279, 287.)  Our Supreme Court has explained that "actual controversy" means: "one which admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts."  (*Selby Realty Co. v. City of San Buenaventura* (1973) 10 Cal.3d 110, 117.)  At this stage of the action, there is no concrete dispute upon which definitive and conclusive judicial relief can be given because the only action against Mercury is a pending noncompliance proceeding. (See *Selby Realty Co. v. City of San Buenaventura*, *supra*, 10 Cal.3d at pp. 117, 126-127.)

15

## IV.  DISPOSITION

The judgment dismissing the petition is affirmed.  Dave Jones, in his official capacity as the Insurance Commissioner of the State of California, is awarded his costs on appeal from plaintiffs, Mercury Insurance Company, Mercury Casualty Company and California Automobile Insurance Company.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


O'NEILL[*]

We concur:


TURNER, P.J.


MOSK, J.

---

[*]     Judge of the Ventura County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.